**Scott R. BURK, Plaintiff,**

v.

**SAGE PRODUCTS, INC., Defendant.**

**Civ. A. No. 90–3077.**

United States District Court,
E.D. Pennsylvania.

Sept. 27, 1990.

Thomas X. McAndrew, Jr., Media, Pa., for plaintiff.

Edward J. Stolarski, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM ORDER

BECHTLE, Chief Judge.

AND NOW, to wit, this 27th day of September, 1990, upon consideration of defendant's motion for summary judgment, IT IS ORDERED that defendant's motion is *granted.*

### FACTS

Plaintiff is a paramedic at the Mercy Catholic Medical Center. Defendant is the manufacturer and distributor of the Sharps Disposable Container, Model 8980, a device designed and manufactured by defendant for the disposal and containment of used medical syringes. Plaintiff alleges that, while using the Sharps Disposable Container during the course of his duties on January 18, 1989, he was stuck by a needle that was protruding from the container.

Plaintiff brought this products liability action against defendant. Plaintiff alleges that several patients suffering from acquired immune deficiency syndrome ("AIDS") were seen on the hospital floor where plaintiff was using the container on the date of the needle stick incident. Plaintiff admits that he cannot prove that the needle that stuck him was a needle that was used on an AIDS patient. Plaintiff also admits that he has tested negatively for HIV antibodies [1] on five separate occasions. Nonetheless, plaintiff alleges that he has lived in fear of contracting AIDS since the occurrence of the incident. Plaintiff maintains that this fear was caused by a defective condition of the product. Plaintiff seeks recovery for various ailments that purportedly stem from his fear of contracting AIDS, and has brought actions based on negligence, breach of warranty, and strict liability. Additionally, plaintiff and his wife bring an action for the deterioration of their marriage which allegedly resulted from plaintiff's emotional distress.

Defendant now brings this motion for summary judgment. For the reasons that follow, the court hereby grants defendant's motion.

### DISCUSSION

The grant of summary judgment is appropriate when the court determines that the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 896 (3d Cir.1987) (*en banc*); *Arnold Pontiac–GMC, Inc. v. General Motors Corp.,* 786 F.2d 564, 568 (3d Cir.1986).

Plaintiff's claims stem entirely from his fear of contracting AIDS as a result of the needle-stick injury. Pennsylvania courts, whose law is controlling in this case, have, at least impliedly, recognized that in certain cases an emotional fear of contracting a disease can be a compensable injury. The question at hand is whether plaintiff's claim presents such a case. Because plaintiff has failed to establish exposure to the AIDS virus, and because plaintiff can now be presumed to be free from AIDS infection, the court finds that plaintiff's claim must fail.

■ Most Pennsylvania courts addressing the subject of recovery for emotional distress have ruled that emotional distress must be accompanied by physical injury before it can be deemed actionable. *See Houston v. Texaco, Inc.,* 371 Pa.Super. 399, 538 A.2d 502 (1988), and cases cited there-

---

1. An "AIDS test" is actually a test for the presence of antibodies to the AIDS virus, not a test for the virus itself. If these antibodies, called "HIV" antibodies, are detected in an individual, it can be concluded that the individual has been exposed to the virus, although such exposure does not necessarily mean that the individual will eventually contract AIDS. *See Glover, et al. v. Eastern Nebraska Office of Retardation, et al.,* 686 F.Supp. 243 (D.C.Neb.1988).

in. *See also* Restatement (2nd) of Torts, § 436A. Although defendant contests the issue, plaintiff appears to have pleaded a sufficiently "physical" injury by averring that he has lost all sexual function as a result of the needle-stick accident. *See Crivellaro v. Pennsylvania Power and Light Co.*, 341 Pa.Super. 173, 491 A.2d 207 (1985), and cases cited therein. The court is more concerned with defendant's second ground for challenging plaintiff's complaint; namely, that plaintiff cannot demonstrate that he was actually exposed to the AIDS virus because he cannot prove that the needle with which he was stuck was a needle that was used on an AIDS patient.

Many jurisdictions have allowed recovery based on a fear of contracting a disease when the disease is one that involves a latency or incubation period. Each of these cases, however, involves circumstances where the plaintiff's initial exposure to the agent which caused the potential for disease was not at issue. For example, courts have allowed recovery to individuals who fear that they may develop cancer or asbestosis after ingesting asbestos fibers. *See, e.g., Herber v. Johns–Mansville Corp.*, 785 F.2d 79 (3rd Cir. 1986); *Jackson v. Johns Mansville Sales Corp.*, 781 F.2d 394 (5th Cir.1986), *cert. denied*, 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743. Similarly, courts have allowed plaintiffs who can prove exposure to artificial environmental hazards to recover against the party that created the environmental hazard based on the plaintiff's apprehension of contracting disease in the future. *See, e.g., Anderson v. W.R. Grace & Co.*, 628 F.Supp. 1219 (D.C.Mass.1986) (fear of contracting cancer after drinking contaminated water held to be a compensable injury).

■ In the case at hand, plaintiff has admitted that he is unable to demonstrate that the needle that pricked him was used on an AIDS patient. Accordingly, plaintiff cannot show that he has been exposed to the AIDS virus. Plaintiff's position is in marked contrast to the other situations where recovery for fear of contracting a disease has been held compensable, in that plaintiff in this case is unable to demonstrate an exposure to a disease-causing agent. The cases which have allowed recovery for fear of disease have done so when the plaintiffs were faced only with the question of whether they would contract the disease in the future; the plaintiff in the instant case faces the additional question of whether he has been exposed to the AIDS virus in the first place. The court has been unable to locate a single case, from any jurisdiction, which has permitted recovery for emotional distress arising out of a fear of contracting disease when the plaintiff cannot prove exposure to the agent which has the potential to cause the disease.

Pennsylvania case law supports the position that plaintiff must show exposure to the AIDS virus before he can recover. In *Cathcart v. Keene Industrial Insulation*, 324 Pa.Super. 123, 471 A.2d 493 (1984), the plaintiff claimed a right to recovery based on a fear of contracting disease by virtue of the fact that she allegedly inhaled asbestos fibers brought home on her husband's work clothes. The court rejected plaintiff's claim because she failed to allege a physical injury, holding that "until [plaintiff] is able to allege some physical injury or some medically identifiable effect *linked to her exposure to asbestos particles*, her claim for negligent infliction of emotional distress is not legally cognizable." *Cathcart*, 471 A.2d at 508 (emphasis added).

At least one court has relied on this language from *Cathcart* to refuse to allow recovery for fear of disease, even when the plaintiff has alleged accompanying physical injury, where the injury does not arise out of exposure to the disease. In *Wisniewski v. Johns–Mansville Corp.*, 759 F.2d 271 (3rd Cir.1985), the Third Circuit addressed a claim for fear of contracting disease asserted by wives and children whose husbands allegedly carried asbestos dust into the home through clothing and tools. Applying Pennsylvania law, the court cited *Cathcart* and dismissed the claim despite the fact that the plaintiffs alleged that their state of emotional distress caused them to suffer headaches. The court relied

on the language from *Cathcart* requiring a "linkage" between an injury and exposure to asbestos, and dismissed the action because the plaintiffs "alleged no injuries *that stem from exposure to the asbestos itself." Wisniewski*, 759 F.2d at 274 (emphasis added).

The case at hand is controlled by *Wisniewski.* Plaintiff here has alleged no injury which arises out of his exposure to the AIDS virus.[2] Rather, plaintiff's only injuries stem from his *fear* that he has been exposed to the disease. *Wisniewski* stands for the proposition that while injuries stemming from a fear of contracting illness after exposure to a disease-causing agent may present compensable damages, injuries stemming from fear of the initial exposure do not. Because plaintiff cannot show that he has been exposed to the AIDS virus, his claim for damages arising out of his fear of contracting AIDS must fail.

Another fact, not pointed out by either party, supports the court's denial of plaintiff's claim. Plaintiff's brief on this motion alleges that plaintiff, despite his HIV–negative tests, cannot tell if he will contract AIDS in the future. Defendant has not challenged this contention. It is true that there is a seven to ten year "incubation period" during which AIDS symptoms may remain unmanifest in a person who has been infected with the AIDS virus. It is a medically accepted fact, however, that a person who has been infected will *still test positive* for the HIV antibody during this latency period when no symptoms are evident, assuming the accuracy of the HIV test. *Morbidity and Mortality Weekly Report*, July 21, 1989, Vol. 38, No. S–7. It is extremely unlikely that a patient who tests HIV–negative more than six months after a potential exposure will contract the disease as a result of that exposure. *Id.,* at 5.

 Plaintiff admits that he has received five blood tests since the incident, and that the result of each of the blood tests has been negative for HIV antibodies. In its

brief, defendant notes that the last of these blood tests took place on February 5, 1990, more than one year after plaintiff was allegedly stuck by the needle. Although neither party has noted the fact, plaintiff can now be confident, to a high degree of medical certainty, that he will not contract AIDS as a result of the needle-stick injury. The court is reluctant to allow someone to recover for fear of contracting a disease after it has become substantially likely that he will not develop the illness.

Plaintiff's wife's claims also stem from plaintiff's emotional injuries. Because the court rules that plaintiff's emotional injuries cannot form the basis of a cause of action, the court will grant summary judgment as to plaintiff's wife's claims, as well.

CONCLUSION

Because plaintiff cannot prove exposure to the AIDS virus, and because it appears to be a medical fact that plaintiff will not develop AIDS as a result of the needle-stick incident, defendant's motion for summary judgment will be granted.

It is so ordered.

---

**2.** Plaintiff's allegation that the needle-stick resulted in a laceration of his hand is not an allegation that plaintiff has been injured by exposure to the AIDS virus; rather, such an allegation merely shows that plaintiff has been injured by exposure to a hypodermic needle.