OPINION OF THE COURT
Helen E. Freedman, J.
Plaintiff sues for "mental anguish” caused by an alleged exposure to asbestos-containing materials at the St. Regis Hotel during the period December 18, 1988 through January 6, 1989. Defendants move for summary judgment on the ground that no cause of action lies for what they label "asbestosphobia” and request that this court impose costs and fees upon plaintiff’s counsel for initiating a frivolous lawsuit. Plaintiff cross-moves for an order permitting her to take the depositions of the principals in defendants Testwell Craig Laboratory, Inc., and Sheraton New York Corporation.
Plaintiff, an interior decorator, attended a liquidation sale sponsored by defendant NCL Liquidators and held from December 18, 1988 through January 6, 1989, during working hours at the St. Regis Hotel. She inspected furniture on different floors and purchased many pieces of furniture and art for resale.
On January 3, 1989, plaintiff observed a sign indicating that there was an asbestos removal project in progress. Despite her alleged fear of asbestos, she continued to attend the sale but contacted several governmental agencies including the New York City Sanitation, Police, and Environmental Protection Departments and the United States Environmental Protection Agency (EPA) requesting inspections of the hotel to ascertain the existence of "friable asbestos”.
Inspections and tests by the New York City Department of Environmental Protection and the EPA showed that the concentration of asbestos fibers in the air at the hotel met EPA standards in that it was not greater than .01 asbestos fibers per cubic centimeter. Plaintiff was assured by the EPA that removal was proceeding according to city and Federal regulations. Tests conducted on the furniture purchased failed to demonstrate the presence of asbestos fibers.
*454 CLAIMS
Plaintiff claims that as a result of her exposure to asbestos at the St. Regis, she has been forced to relinquish her business and dispose of her furniture at a loss, that she requires "continuous” medical monitoring and that she suffers from emotional distress. She submits various physician’s affirmations attesting to an agitated mental state but not to any clinical manifestations of asbestos-related disease. None of the physicians or medical documents suggest that the alleged exposure to asbestos has increased plaintiff’s likelihood of contracting an asbestos-related disease.
Plaintiff’s own moving papers make clear that she has no current manifestation of any asbestos-related condition. Her lungs show no clinical evidence of scarring or of the presence of asbestos fibers whatsoever. She also admits that she has sold most of the items purchased at the sale and made no disclosures to purchasers concerning asbestos contamination. Thus, the only claims are for emotional distress from the purported asbestos exposure.
LAW
In Ferrara v Galluchio (5 NY2d 16 [1958]), the leading case in New York on fear of disease, the Court of Appeals held that a plaintiff burned during the course of radiation therapy could recover for a fear of cancer related to her increased probability of developing the disease. The Ferrara court concluded that since plaintiff’s claims were tied to a distinct event which could cause a reasonable person to develop a fear of cancer, there was a guarantee of genuineness to plaintiff’s claim (cf., Winik v Jewish Hosp., 31 NY2d 936 [1972]).
Recently, in Hare v State of New York (143 Misc 2d 281 [Ct Cl 1989]), plaintiff claimed psychic injury including ("AIDS-phobia”) as a result of a bite by a prison inmate. After tests for the presence of the AIDS virus proved negative, the court dismissed the mental anguish claims holding that the evidence was "too speculative” and remote to award damages and that plaintiff’s fears were unfounded. (See also, Doe v Doe, 136 Misc 2d 1015 [Sup Ct, Kings County 1987].)
In the context of asbestos litigation, courts throughout the country* have permitted recovery for a fear of cancer when *455 there is a rational basis for such fear. Rational basis has been construed to mean clinical presence of asbestos fibers in the lung. (See, Devlin v Johns-Manville Corp., 202 NJ Super 556, 495 A2d 495 [1985]; Herber v Johns-Manville Corp., 785 F2d 79 [3d Cir 1986]; In re Hawaii Fed. Asbestos Cases, 734 F Supp 1563, 1569 [US Dist Ct, D Haw 1990] ["fear based on self-seeking declarations is not reasonable absent an underlying compensable harm”].)
Where there is no clinical evidence of an asbestos-related condition, fear of cancer claims have been dismissed. For example, the court in Deleski v Raymark Indus. (819 F2d 377 [3d Cir 1987]) dismissed a claim for fear of cancer by the widow of an asbestos worker who had handled her husband’s work clothes which had been covered with asbestos fibers but had no physical injury. (See also, Wisniewski v Johns-Manville Corp., 812 F2d 81 [3d Cir 1987].) In Adams v Johns-Manville Sales Corp. (783 F2d 589 [5th Cir 1986]), a commercial insulator who had no physical evidence of an asbestos-related condition despite years of exposure to asbestos could not recover for fear of cancer. (Gideon v Johns-Manville Sales Corp., 761 F2d 1129 [5th Cir 1985]; Tysenn v Johns-Manville Corp., 517 F Supp 1290 [US Dist Ct, ED Pa 1981].)
On the other hand, both this court and the Federal courts in this jurisdiction have upheld jury verdicts which compensated workers for a fear of cancer when the plaintiff had either pleural or parenchymal scarring. (See, Thomann v Celotex Corp., Sup Ct, NY County, index No. 26671/87, June 8, 1990; see also, Herber v Johns-Manville Corp., 785 F2d 79 [3d Cir 1986], supra; Jackson v Johns-Manville Sales Corp., 781 F2d 394 [5th Cir 1986].)
In view of the fact that asbestos was widely used and asbestos removal now common, fear of cancer without a physical indication of disease is not reasonable. "A reasonable person, exercising due diligence, should know that of those exposed to asbestos, only a small percentage suffer from asbestos-related physical impairment and that of the impairment group fewer still develop [recognizable diseases]”. (In re Hawaii Fed. Asbestos Cases, supra, at 1570.)
In the case at bar, all objective testing of plaintiff’s person and possessions have demonstrated no physical manifestation of an asbestos-related condition. Since there is no *456 rational basis for "asbestosphobia”, the entire complaint is dismissed.
COSTS AND FEES
CPLR 8303-a (a) states in pertinent part that "in an action to recover damages for personal injury, injury to property * * * that is found, at any time during the proceedings * * * to be frivolous by the court, the court shall award to the successful party costs and reasonable attorney’s fees not exceeding ten thousand dollars.” Costs and fees awarded may be assessed either against a party or counsel or both.
CPLR 8303-a imposes a duty upon a party and counsel to investigate all claims and proceed only with meritorious ones. (See, Mitchell v Herald Co., 137 AD2d 213 [4th Dept 1988].)
In the case at bar, plaintiff knew that she had no clinical evidence of asbestos inhalation and had been assured by physicians that she had no increased likelihood of evidencing an asbestos-related disease. All tests of the air at the time she visited the hotel showed acceptable air quality. There were no asbestos fibers on her furniture and plaintiff has already sold some of the furniture which she claims was unsaleable.
During plaintiff’s extensive deposition over a period of several days, she testified that she believed that there was a conspiracy between her own doctors and the St. Regis to hide her asbestos exposure from her and that she was told by the New York City Department of Environmental Protection that any reports on the hotel conditions could result in threats against her life by the St. Regis. Plaintiff acknowledged having told Dr. Shapiro that she thought that there were various conspiracies against her. The nature of that testimony should have alerted plaintiff’s counsel to the lack of merit, indeed the irrationality of plaintiff’s claim.
While this court is ordinarily loathe to impose costs for bringing a frivolous action in that such penalty may have a chilling effect on creative use of the law, defendants in this case deserve to be compensated for the time and effort devoted to a clearly unmeritorious claim.
Plaintiff’s counsel is directed to pay $2,500 to counsel for each moving party for the benefit of their respective clients for a total of $10,000.

 It is estimated that there are approximately 100,000 asbestos pending lawsuits initiated primarily by those working with or near asbestos contain *455 ing materials and their families all of whom have sustained consequential physical injury.