■ Raymond M. Hare, Respondent-Appellant, v State of New York, Appellant-Respondent. (Claim No. 71886.)—In a claim to recover damages for personal injuries, the State of New York appeals, as limited by its brief, from so much of a judgment of the Court of Claims (Orlando, J.), entered April 11, 1989, as is in favor of the claimant and against it in the principal sum of $35,000, and the claimant cross-appeals from so much of the same judgment as denied him damages for mental anguish and emotional distress.

Ordered that the judgment is affirmed, without costs or disbursements.

The claimant, an X-ray technician, brought the instant claim alleging he had been injured as a result of the State's negligence in failing to properly supervise a prison inmate who had been transferred to Richmond Memorial Hospital. The inmate had been transferred to the hospital the night before the incident from Arthur Kill Correctional Facility, where he had injured himself attempting to commit suicide by cutting his throat with a piece of glass. After receiving treatment at the hospital, the inmate was placed in the intensive care unit where, the following day, he again attempted to commit suicide, this time by suddenly grabbing a fork from a fellow patient and repeatedly stabbing himself in the throat. The claimant, who was working nearby, heard a corrections officer cry out for help, and immediately responded by attempting to assist the officer in subduing the inmate. During the violent struggle that ensued, the inmate bit the claimant on the right forearm, inflicting a deep, open wound. Although two corrections officers had been assigned to guard the inmate, at the time of the incident the second officer was away from his post purchasing food in the hospital cafeteria. The corrections officer who was present had been posted outside

the intensive care unit, stationed some distance from where the inmate's bed was located. The claimant testified at trial that a nurse who observed the claimant's bite wound, stated that, "[t]his man [the inmate] may have AIDS". There was no evidence adduced at trial, however, with respect to the basis of the nurse's assertion that the inmate may have been suffering from Acquired Immune Deficiency Syndrome (hereinafter AIDS).

After a trial, the Court of Claims found that the State had negligently failed to provide adequate supervision of the inmate and that the State's negligence constituted a proximate cause of the claimant's injuries (see, Hare v State of New York, 143 Misc 2d 281, 283-284). The court awarded damages to the claimant for pain and suffering, but denied recovery for damages allegedly attributable to emotional distress resulting from the claimant's fear that he might have contracted AIDS from the inmate. We affirm.

It is well settled "that the State bears the responsibility for the protection of others in its operation of schools, hospitals, and other institutions" (Dunn v State of New York, 29 NY2d 313, 317; cf., Gordon v City of New York, 70 NY2d 839; Goble v State of New York, 123 AD2d 664). Here, the inmate's impulsive and self-destructive propensities, amply demonstrated only the night before the present incident took place, established the existence of a forseeable risk against which the State was duty bound to protect third parties. In light of the evidence before it, the Court of Claims correctly concluded that a breach of the foregoing duty had taken place. A review of the record discloses that when the incident occurred, the inmate was unrestrained, and left in the custody of a single corrections officer who had been posted outside the intensive care unit, some distance from the inmate's bed. Additionally, there was evidence adduced suggesting the corrections officer who had departed the area violated a regulation of the New York State Department of Correctional Services prohibiting an officer from leaving his post for meals or coffee breaks. In short, we are in accord with the conclusion of the Court of Claims that, under the circumstances, it was reasonably foreseeable that one officer posted outside the intensive care unit "could not prevent a sudden and impulsive act".

We conclude, however, that the court properly denied the claimant recovery for emotional distress allegedly resulting from his fear of contracting AIDS. We note in this respect that there was no proof adduced at trial establishing that the inmate was infected with AIDS. Although there was some

evidence that the claimant lost weight, and had various cold symptoms after the incident, no proof was introduced as to the likelihood of claimant's contracting AIDS under the circumstances presented. Further, the claimant himself was tested for AIDS several times with negative results. In light of the foregoing, the Court of Claims properly concluded that the evidence adduced with respect to the claimant's emotional distress was remote and speculative *(see, Nadal v State of New York,* 110 AD2d 890; *Ace v State of New York,* 146 Misc 2d 954; *Doe v Doe,* 136 Misc 2d 1015; *cf., Ferrara v Galluchio,* 5 NY2d 16).

Finally, the damages awarded by the court were not excessive *(see, Rivera v City of New York,* 170 AD2d 591). Kooper, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.