413 S.E.2d 889

**Lofton JOHNSON, Plaintiff
Below, Appellee,**

v.

**WEST VIRGINIA UNIVERSITY
HOSPITALS, INC., Defendant
Below, Appellant.**

No. 19678.

Supreme Court of Appeals
of West Virginia.

Submitted May 14, 1991.

Decided Nov. 21, 1991.

Rehearing Denied Feb. 13, 1992.

William C. Gallagher, Timothy F. Cogan, Wheeling, for appellant.

Clark B. Frame, Wesley W. Metheney, J. Michael Benninger, for appellee.

McHUGH, Justice:

This case is before the Court upon the appeal of West Virginia University Hospitals, Inc., the defendant below, from a jury verdict rendered in the Circuit Court of Monongalia County. The appellee and plaintiff below is Lofton Johnson. The verdict against the appellant was in the amount of $2 million, reduced to $1.9 million by the appellee's 5% contributory negligence.

## I.

The appellee was a police officer, employed by the West Virginia University Security Police.[1] On June 2, 1988, a patient was brought to the appellant's hospital. The patient, when he was conscious, was very abusive and combative, used obscene language, and was generally unruly. There were about seven doctors and nurses present in the emergency room where they were tending to the patient. During this time, the patient stated that he was infected with acquired immune deficiency syndrome (AIDS).

Due to the patient's unruly behavior, the appellee was called to the scene. Initially, the appellee only observed the scene, but when the patient's bed fell over and it appeared that the medical personnel needed help in restraining the patient, the appellee attempted to assist. As the appellee was lifting the patient back onto the bed, the patient bit the appellee on the appellee's forearm.

The appellee asserted that at this point, he had not been told by anyone at the hospital that the patient was infected with the AIDS virus although the hospital personnel dealing with the patient knew that he had AIDS. It was only *after* he had been bitten and was washing out the wound that one of the paramedics informed the appellee that the patient had AIDS.

The appellee filed a suit against the appellant in the Circuit Court of Monongalia County, based on negligence. Specifically, the appellee claimed that the appellant negligently failed to advise him that the patient had AIDS, and that as a result of his exposure to AIDS, the appellee has suffered from emotional distress.

At trial, there was evidence that the patient had bitten himself on the arm, and that the patient's own blood was in and around his mouth when he bit the appellee.

The appellee testified that he had, on previous occasions, assisted in restraining AIDS patients, but it was always the hospital's procedure to inform the restraining officer of such so that proper precautions could be taken. Furthermore, evidence was introduced that the hospital failed to post warning signs at the emergency room pursuant to rules and regulations of the hospital, despite the fact that the attending hospital personnel knew that the patient with whom they were dealing had AIDS. These signs would have warned others that the patient in the hospital room had an infectious disease. The evidence in this case establishes that at least one-half hour elapsed from the time the hospital personnel learned that the patient had AIDS to the time the appellee began assisting with the patient.

Evidence was also introduced during trial that, after the incident, the appellee's wife refused to have sexual relations with the appellee.[2] There was also evidence that the appellee's children did not want to be around him, nor did they want their children (the appellee's grandchildren) around him, due to a fear that they may contract AIDS.

Although the appellee is regularly tested for AIDS, he has not contracted the disease. However, the appellee's treating psychologist testified that the appellee suffers from "post traumatic stress disorder,"

1. The West Virginia University Security Police is a separate entity from the appellant, West Virginia University Hospitals, Inc. Consequently, the appellee is not employed by the appellant. This distinction pertains to an assignment of error raised by the appellant and discussed herein. *See* section III.(C.)(2.), n. 8, *infra.*

2. In his appellate brief, the appellee states that after thirty years of marriage, he and his wife are now divorced because she would not live with him due to the AIDS exposure.

and considers himself a social outcast. There was also testimony that the appellee suffers from sleeplessness, is shunned by co-workers and superiors, and is very uncertain about his future.

As stated previously, the jury returned a verdict in favor of the appellee in the amount of $2 million, reduced to $1.9 million by the appellee's 5% contributory negligence.

Following the jury verdict, the circuit court denied the appellant's motion for a judgment notwithstanding the verdict, or, in the alternative, for a new trial. This appeal ensued.

## II.

In this case, we address a question of damages arising from a disease that has become a serious public health concern over the last decade, AIDS, which is the last phase of human immunodeficiency virus (HIV).[3]

The appellant's primary contention is that the damages awarded in this case were improperly speculative and that the jury was not properly instructed on the emotional distress damages. The appellant argues that the trial court should not have denied its motion *in limine*, which motion would have excluded evidence of the appellee's emotional distress unless the appellee could prove that it was reasonable.

■ Damages are not recoverable if the related injurious effect is too speculative. *See* syl. pt. 7, *Jordan v. Bero*, 158 W.Va. 28, 210 S.E.2d 618 (1974). However, in this case, the issue is not whether the damages awarded the appellee are speculative. Rather, the damages recovered in this case are for the emotional distress from which the appellee *currently* suffers. Accordingly, the critical issue in this case concerns whether the emotional distress damages awarded are recoverable under the circumstances of this case.

■ As a general rule, absent physical injury, there is no allowable recovery for negligent infliction of emotional distress.

*Prosser and Keeton on the Law of Torts* § 54, at 361 (W. Keeton 5th ed. 1984); *Restatement (Second) of Torts* § 436A (1965).

The Court has recognized this traditional principle: "There can be no recovery in tort for an emotional and mental trouble alone without ascertainable physical injuries arising therefrom, ... through the simple negligence of the defendant[.]" Syl., in part, *Monteleone v. Co–Operative Transit Co.*, 128 W.Va. 340, 36 S.E.2d 475 (1945).

■ In this case, there is evidence of physical injury. The appellee was bitten on the arm by the appellant's patient. In addition to the wounds inflicted by the bite, the appellee's physical injuries include sleeplessness, loss of appetite, and other physical manifestations accompanying the emotional distress suffered by the appellee. *See Allen v. Smith*, 179 W.Va. 360, 363, 368 S.E.2d 924, 927 (1988); *Harless v. First National Bank*, 169 W.Va. 673, 688, 289 S.E.2d 692, 701 (1982); *Monteleone v. Co-Operative Transit Co.*, 128 W.Va. 340, 347, 36 S.E.2d 475, 478 (1945).

Other courts have addressed the issue of emotional distress damages arising from a fear of contracting AIDS. In *Hare v. State*, 173 A.D.2d 523, 570 N.Y.S.2d 125 (1991), a New York appeals court affirmed the lower court's ruling that a plaintiff could not recover damages for emotional distress arising from a fear of AIDS. In *Hare*, the plaintiff, a hospital employee, was bitten by an inmate who was transferred to the hospital following a suicide attempt. The plaintiff was attempting to subdue the inmate. The Court of Claims of New York denied the plaintiff's claim of emotional distress damages based upon a fear of contracting AIDS because there was no evidence that the inmate was even infected with the AIDS virus. Rather, the inmate who bit the plaintiff in *Hare* was merely *rumored* to be suffering from AIDS. Therefore, the plaintiff's claim for emotional distress damages in that case was held to be too remote and speculative.

---

3. For a digest of facts concerning HIV and its resultant AIDS, see *Benjamin R. v. Orkin Exter-* *minating Co.*, 182 W.Va. 615, 616 n. 2, 390 S.E.2d 814, 815 n. 2 (1990).

In *Burk v. Sage Products, Inc.*, 747 F.Supp. 285 (E.D.Pa.1990), the United States District Court for the Eastern District of Pennsylvania recognized that a plaintiff may recover emotional distress damages for fear of AIDS. However, the court also pointed out that before such a recovery may be made, the plaintiff must demonstrate that he or she has been exposed to the disease or cause thereof. The plaintiff in *Burk* was unable to demonstrate such an exposure, and consequently, his claim for emotional distress damages was barred.[4]

Similarly, in *Doe v. Doe*, 136 Misc.2d 1015, 519 N.Y.S.2d 595 (Sup.Ct.1987), a wife, in a divorce suit, sought damages for intentional infliction of emotional distress based upon her husband's failure to disclose that he had had a homosexual relationship, which the wife alleged placed her at risk of contracting AIDS. The court denied the wife's claim, pointing out that neither she nor her husband had contracted AIDS. The court also raised the absurd possibilities of recognizing such a claim where there is no proof of exposure to AIDS. For example, the court suggested that recognition of this claim would force a person who has had a recent blood transfusion "to disclose this fact to their prospective or current spouse or risk a damages action for 'AIDS-phobia' since such a transfusion *may* have resulted in an exposure to the AIDS virus." *Id.* at 1019, 519 N.Y.S.2d at 598 (emphasis supplied). Thus, the court aptly concluded that "[t]he law can be stretched only so far." *Id.*

Another area that is relevant to our consideration of this case is "cancerphobia," arising from asbestos-related torts. It has been held that damages resulting from a fear of cancer are recoverable if the fear is reasonable. *In re Moorenovich*, 634 F.Supp. 634 (D.Me.1986). On the other hand, it has been held that a fear of cancer

from exposure to asbestos *without any physical indication of disease* does not lead to recovery for emotional distress damages. *Rittenhouse v. St. Regis Hotel Joint Venture*, 149 Misc.2d 452, 565 N.Y.S.2d 365 (Sup.Ct.1990).

■ It is evident from the above cases that before a recovery for emotional distress damages may be made due to a fear of contracting a disease, such as AIDS, there must first be *exposure* to the disease. If there is no exposure, then emotional distress damages will be denied.

■ In this case, there was such an exposure. The patient that the appellee was attempting to subdue had bitten himself on the arm before he bit the appellee. As stated previously, the AIDS-infected patient's blood was in and around his mouth at the time that he bit the appellee. The bite broke the appellee's skin and caused significant bleeding on the appellee's arm. There is no dispute that the AIDS-infected blood of the patient came into contact with the blood of the appellee. Expert testimony on behalf of the appellant acknowledged that this case involved an exposure. This, of course, would go to the reasonableness of the appellee's fear.

Moreover, the failure of the hospital to follow its own rules and regulations by posting a warning that the patient possessed an infectious disease is a critical factor in this case. Such regulations clearly impose a duty upon the appellant in this case to warn those similarly situated with the appellee. Testimony at trial revealed that, usually, when the police officers knew that they were dealing with an unruly AIDS patient, it was their practice to dress in special clothing and use a blanket to cover and restrain the patient for the protection of both the officer and the patient. Because the appellee in this case did not know that the patient had AIDS, no such precautions were taken. This was a devia-

4. The holding in *Burk* was relied on in *Rossi v. Estate of Almaraz*, 59 U.S.L.W. 2748, 1991 Westlaw 166924 (Md.Cir.Ct. May 23, 1991). There, the defendant was a doctor who operated on the plaintiff. At the time of the operation, the doctor had not been diagnosed with AIDS, but had tested HIV-positive. One year after the opera-

tion, the doctor died of complications from AIDS. The plaintiff filed suit against the doctor's estate, alleging *intentional* infliction of emotional distress. The Maryland circuit court dismissed the complaint because the plaintiff failed to prove that she had been *exposed* to the AIDS virus.

tion from routine practice in a situation where the appellee's job involved being in the room assisting the hospital personnel. As stated previously, *at least* one-half hour elapsed from the time the hospital personnel learned of the patient's condition to the time the appellee began assisting with the patient.

■ The circuit court in this case instructed the jury as to the reasonableness of the appellee's claim. Specifically, the circuit court instructed:

> It is a contention of plaintiff that because of being bitten in the emergency room on June 2, 1988, he now suffers great mental distress associated with fear that he may acquire AIDS. You are instructed that plaintiff cannot recover for such mental distress merely because he was bitten by a person suffering from AIDS. Before he can recover for an increased fear of contracting AIDS, plaintiff must prove by a preponderance of the evidence that his fear of contracting the AIDS disease is *reasonable* under all the facts and circumstances proven in this case.[5]

(emphasis supplied)

Under the circumstances of this case, this instruction is sound. It pointed out to the jury that the appellee could not recover emotional distress damages merely because he was bitten, but that his fear must be *reasonable*. The fact that the appellee in this case was actually *exposed* to the AIDS virus goes to the reasonableness of his fear.

■ Accordingly, we hold that damages for emotional distress may be recovered by a plaintiff against a hospital based upon the plaintiff's fear of contracting acquired immune deficiency syndrome (AIDS) if: the plaintiff is not an employee of the hospital but has a duty to assist hospital personnel in dealing with a patient infected with AIDS; the plaintiff's fear is reasonable; the AIDS-infected patient physically injures the plaintiff and such physical injury causes the plaintiff to be exposed to AIDS; and the hospital has failed to follow a regulation which requires it to warn the plaintiff of the fact that the patient has AIDS despite the elapse of sufficient time to warn.

Our holding in this case, of course, is limited to the facts before us. We emphasize that our decision herein is not to permit recovery of emotional distress damages to anyone who comes into contact with a person who is infected with AIDS or merely believes that a person is infected with AIDS. Rather, as stated above, recovery of such damages is limited to the situation where the plaintiff is actually exposed to the AIDS virus as a result of a physical injury, and emotional distress, along with physical manifestations of such distress, result therefrom.

Therefore, the circuit court did not err in refusing to set aside the verdict.

### III.

The appellant also raises other errors which are less significant and are discussed in this section.

#### A. *Proximate Cause*

The appellant contends that the appellee failed to prove proximate cause. We do not agree.

Evidence was introduced to show that the appellee's job entailed assisting hospital personnel in dealing with unruly patients. There was also evidence that the appellant failed to take proper precautions pursuant to its own regulations by warning the appellee that the patient whom he was subduing was infected with the AIDS virus. Finally, there was evidence that the appellee

---

5. The appellant offered an instruction similar to the one quoted above, except that it based recovery on whether the plaintiff "possesses an increased statistical likelihood of developing AIDS and from this knowledge springs a reasonable apprehension which manifests itself in mental distress." The circuit court modified this instruction to the one actually given.

Similarly, the appellant offered an instruction which based recovery on whether the plaintiff could show "to a reasonable certainty" that permanent injury will result. This instruction, however, was denied by the circuit court because the appellee was not seeking damages for an increased *risk* of contracting AIDS, but for the *fear* of contracting AIDS.

was exposed to the AIDS virus because of the bite, and that he reasonably feared contracting AIDS as a result of his emotional distress.

This Court has held: "Questions of negligence, due care, proximate cause and concurrent negligence present issues of fact for jury determination when the evidence pertaining to such issues is conflicting or where the facts, even though undisputed, are such that reasonable men may draw different conclusions from them." Syl. pt. 5, *Hatten v. Mason Realty Co.*, 148 W.Va. 380, 135 S.E.2d 236 (1964). *Accord*, syl. pt. 3, *Dawson v. Woodson*, 180 W.Va. 307, 376 S.E.2d 321 (1988).

Clearly, in this case, the facts with respect to proximate cause are such that reasonable persons could draw different conclusions from them.

### B. *Public Policy*

■ The appellant contends that, based upon public policy grounds, the emotional distress damages awarded the appellee did not reasonably relate to the appellant's culpability.

It has been held that emotional distress damages may be barred as a matter of public policy, for example, where they are based upon an unreasonable fear of future harm. *See, e.g., Brantner v. Jenson*, 121 Wis.2d 658, 360 N.W.2d 529 (1985); *Howard v. Mt. Sinai Hospital, Inc.*, 63 Wis.2d 515, 217 N.W.2d 383 (1974).

The appellant cites *W.Va.Code*, 16–3C–3 [1988], part of the "AIDS–Related Medical Testing and Records Confidentiality Act," as a ground for supporting this public policy argument. Subsection (a)(4) of that statutory provision states:

(a) No person may disclose or be compelled to disclose the identity of any person upon whom an HIV-related test is performed, or the results of such a test in a manner which permits identification of the subject of the test, except to the following persons:

. . . .

(4) Licensed medical personnel or appropriate health care personnel providing care to the subject of the test, when knowledge of the test results is necessary or useful to provide appropriate care or treatment, in an appropriate manner: Provided, That such personnel shall maintain the confidentiality of such test results. The entry on a patient's chart of an HIV-related illness by the attending or other treating physician or other health care provider shall not constitute a breach of confidentiality requirements imposed by this article[.]

The appellant argues that under this section, its duty to warn the appellee that the patient had AIDS was limited in the first place, due to the patient's rights of confidentiality.

We do not agree that public policy limits the appellant's duty to warn in this case, thus barring the emotional distress damages awarded. *W.Va.Code*, 16–3C–3 [1988] is directed toward *AIDS testing*. This case does not involve a situation where a patient was *tested* for AIDS. Rather, in this case, hospital personnel failed to warn an unsuspecting officer of an AIDS-infected patient's condition.[6]

### C. *Other Errors*

#### 1. Instructions

The appellant also contends that the circuit court committed error in its instructions with respect to the permanency of the appellee's injury.

Specifically, the appellant contends that it was error under the facts of this case to instruct the jury that it was to consider the permanency of the appellee's injury in determining the award of damages for the future effects of the injury.

■ In this case, although the manifestations of the appellee's essentially emotional injury may be somewhat obscure, there was sufficient expert evidence to a degree of reasonable certainty that the injury is permanent. This type of injury is sufficient to take the question to the jury and to support an award of damages for

---

**6.** Moreover, if *W.Va.Code*, 16–3C–3 [1988] limited the hospital from posting warnings, then the hospital's own regulations pertaining to such warnings would be in violation of this section.

the future effects of such injury. *See* syl. pt. 13, *Jordan v. Bero*, 158 W.Va. 28, 210 S.E.2d 618 (1974).

Therefore, the instruction given on the permanency of the appellee's injury was proper. "An instruction is proper if it is a correct statement of the law and if there is sufficient evidence offered at trial to support it." Syl. pt. 5, *Jenrett v. Smith*, 173 W.Va. 325, 315 S.E.2d 583 (1983).

■■■ The appellant also maintains that the circuit court erred by refusing to instruct the jury on the appellee's "assumption of risk." The circuit court, however, ruled that the facts of the case do not support such an instruction. "An instruction which is not supported by the evidence should be refused." Syl. pt. 3, *Lilly v. Taylor*, 151 W.Va. 730, 155 S.E.2d 579 (1967). *See Blair v. Preece*, 180 W.Va. 501, 504–05, 377 S.E.2d 493, 497 (1988), *cert. denied*, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989).

Based upon our review of the record, we find no error on the part of the circuit court with regard to the instructions given.

### 2. Insufficiency of Evidence

■■■ The appellant asserts that the issue in this case is not decided by resolving whether the verdict is "excessive." [7] Rather, the appellant contends that the most fundamental problem is that the appellee has not suffered any damages and that the evidence in this case was insufficient to support the verdict. We do not agree.

The verdict in this case primarily represents emotional distress damages suffered by the appellee. "[M]ental suffering frequently constitutes the principle [sic] element of tort damages and can be composed of fright, nervousness, grief, anxiety, worry, mortification, humiliation, embarrassment, terror, or ordeal." 22 Am.Jur.2d *Damages* § 252 (1988).

The appellee presented ample evidence of emotional distress suffered as a result of the appellant's exposure to the AIDS virus in the manner heretofore stated. As stated previously herein, the appellee's condition included symptoms for which courts have allowed recovery of emotional distress damages. The appellee's condition includes depression, *see Wood v. Mobil Chemical Co.*, 50 Ill.App.3d 465, 8 Ill.Dec. 701, 365 N.E.2d 1087 (1977); stress and worry, *see Gilbert v. Parks*, 140 Ga.App. 550, 231 S.E.2d 391 (1976); sleeplessness, *see Roy v. Chalifoux*, 95 N.H. 321, 63 A.2d 226 (1948); and anxiety, *see Posey County v. Chamness*, 438 N.E.2d 1041 (Ind.Ct.App.1982). With respect to anxiety, the right to recover damages "may be based on a *reasonable* anxiety about the consequences of the tort, *apprehension of future disease*, disability or paralysis, or fear about future surgery." 22 Am.Jur.2d *Damages* § 254 (1988) (emphasis supplied) (footnotes omitted).

It is well established by this Court that " '[a] verdict of a jury should not be set aside on the ground of insufficient evidence, where the sufficiency depends upon the credibility of witnesses and the reasonable inferences which may be drawn from the evidence.' Point 2, Syllabus, *Denoff v. Fama*, 102 W.Va. 494 [, 135 S.E. 578 (1926) ]." Syl. pt. 1, *Raines v. Faulkner*, 131 W.Va. 10, 48 S.E.2d 393 (1947). *Accord*, syl. pt. 5, *Adams v. El–Bash*, 175 W.Va. 781, 338 S.E.2d 381 (1985).[8]

---

7. The appellant does intimate that the verdict may be excessive by comparison to other verdicts which this Court has held to be excessive. *See, e.g., Roberts v. Stevens Clinic Hospital, Inc.*, 176 W.Va. 492, 345 S.E.2d 791 (1986) ($10 million verdict for wrongful death of child held to be excessive). Because the excessiveness of the verdict was not a formal assignment of error in the brief, but is only intimated, we do not address this issue in this opinion.

8. The appellant assigns other errors on the part of the trial court.

The appellant contends that it is shielded from liability by the Workers' Compensation Act. *See W.Va.Code*, 23–2–6, as amended. This contention was not asserted as a defense, and was not even raised by the appellant until it filed its motion for judgment notwithstanding the verdict. Furthermore, there is no evidence in the record that the appellant employed the appellee or made workers' compensation premium payments on the appellee's behalf.

The appellant also raises issues concerning remarks made by counsel for the appellee during closing arguments. However, the record is devoid of any objections made by the appellant to these remarks.

Clearly, the evidence presented was sufficient for the jury to determine that the appellee was entitled to recover damages for emotional distress. As noted previously, the circuit court instructed the jury that emotional distress damages could only be recovered *if the appellee's fear was reasonable.* Therefore, the circuit court did not err by refusing to set aside the verdict in this respect.

## IV.

For the foregoing reasons, the judgment of the Circuit Court of Monongalia County is affirmed.

Affirmed.

Finally, the appellant contends that the appellee, in opening and closing statements, sought damages for loss of his grandchildren's companionship, which is not recoverable in this state. Again, the record does not disclose objections to these remarks.