JANE DOE *et al.*, Plaintiffs-Appellants, v. SURGICARE OF JOLIET, INC., d/b/a Amsurg, Defendant-Appellee.

Third District    No. 3—93—0765

Opinion filed August 25, 1994.—Rehearing denied September 21, 1994.

BARRY, J., dissenting.

Troha, Troha & Bednarek, of Joliet (Philip A. Troha, of counsel), for appellants.

Robert J. Baron, of Rooks, Pitts & Poust, of Joliet (Pamela Gorcowski, of counsel), for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Jane and John Doe filed a complaint alleging medical negligence and negligent infliction of emotional distress against Surgicare of Joliet, Inc. Plaintiffs appeal the trial court's dismissal under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1990)) of count II by Jane and count III by John, both of which alleged negligent infliction of emotional distress. The trial court found no just reason for delaying enforcement or appeal of its order pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). We affirm.

Count II of the plaintiffs' complaint alleges that on April 21, 1992, Jane underwent surgery at Surgicare of Joliet, Inc., d/b/a Amsurg. Approximately two months later, in June of 1992, Dr. Herbert Svab, director of Surgicare of Joliet, called Jane and her husband to his office and informed them that during her surgery, a medical technician stuck himself or herself with a needle and used that same needle to administer anesthetic to Jane. Plaintiffs allege that Dr. Svab refused to identify the technician who used the contaminated needle and that Dr. Svab stated that he asked the technician to submit to a test for the AIDS virus and the technician refused. Dr.

Svab advised Jane and John that she should be tested for the AIDS virus, HIV.

Count II further alleges that as a result of the defendant's negligence, Jane has had to undergo an AIDS test and will have to undergo additional tests in the future. The complaint additionally alleges that "she has suffered and will continue to suffer severe emotional and mental distress with physical symptoms" due to the fact that she "may have been infected with foreign bacteria or viruses, including but not limited to the AIDS virus and Hepatitis."

Count III of the complaint alleges the same facts as count II on behalf of John Doe. Count III further alleges that after the surgery but before being told about Jane's exposure to the contaminated needle, Jane and John engaged in unprotected sexual intercourse. John claims that he suffers from "extreme and repeated" mental suffering and various physical symptoms and that this distress will continue due to the fact that he may have been infected with "various bacteria, viruses, and especially the AIDS virus."

According to the affidavit submitted by Dr. Svab, Jane agreed to be tested for HIV on July 7, 1992, and Dr. Svab informed her that the test results were negative on July 13, 1992. Dr. Svab further stated that it is current medical knowledge that more than 90% of all people infected with HIV will test positive after three months, and if retested six months after exposure to HIV, the virus will show up in more than 99% of the cases if HIV has been transmitted.

The trial court granted defendant's motion to dismiss counts II and III of plaintiffs' second amended complaint for negligent infliction of emotional distress, finding that plaintiffs' fears of contracting AIDS are not compensable. Plaintiffs properly pleaded facts establishing a duty owed by the defendants and a breach of that duty. Therefore, we must decide whether plaintiffs pleaded compensable damages proximately caused by the defendant's negligence. Specifically, the issue presented is whether Illinois law allows plaintiffs to maintain an action for negligent infliction of emotional distress based on the fear of contracting the AIDS virus under the facts of this case. This unique set of facts poses a case of first impression in an Illinois appellate court.

In considering a motion to dismiss, the trial court must accept as true all well-pleaded facts in the portion of the complaint being attacked. A trial court should grant a motion to dismiss a cause of action only when "it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recover." (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504, 565 N.E.2d 654, 657.) We must determine whether the facts alleged in the complaint,

considered in the light most favorable to the plaintiff, establish a cause of action upon which the plaintiffs can recover. *Burdinie*, 139 Ill. 2d at 504-05, 565 N.E.2d at 657.

The defendant first contends that because plaintiffs did not suffer a "physical impact," they did not allege facts establishing actual exposure to the AIDS virus (virus); thus, the trial court properly dismissed plaintiffs' complaint.

■ We find, however, that under the facts alleged, Jane Doe was a direct victim of the defendant's negligence and suffered a physical impact upon being stuck with an unsterile needle by defendant's medical technician. See *Corgan v. Muehling* (1991), 143 Ill. 2d 296, 574 N.E.2d 602 (plaintiff held a direct victim due to sexual contact with negligent psychotherapist); *Martin v. McDonald's Corp.* (1991), 213 Ill. App. 3d 487, 572 N.E.2d 1073 (plaintiffs suffered physical impact from a robber's assault with a gun).

■ We also find that John Doe may be considered a proper plaintiff either as a direct victim of the defendant's alleged negligence, or as a bystander. (See *Kapoulas v. Williams Insurance Agency* (7th Cir. 1993), 11 F.3d 1380) (finding driver involved in a traffic accident in which children in other car were killed could recover as a direct victim or a bystander, although evidence did not support finding that his distress resulted from fear for his own safety).) John Doe qualifies as a direct victim due to the physical impact he suffered upon having unprotected sexual intercourse with his wife after the medical technician stuck her with the needle but before being informed of the mishap. We acknowledge the requirement that the physical impact be contemporaneous with the occurrence. (*Allen v. Otis Elevator Co.* (1990), 206 Ill. App. 3d 173, 177, 563 N.E.2d 826.) Under the unique facts of the present case, the defendant's alleged negligence or the "occurrence" caused an ongoing risk. Construing *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 457 N.E.2d 1, the United States Court of Appeals for the Seventh Circuit recently stated that "[a]lthough 'contemporaneous' could have several meanings, we interpret 'contemporaneous' in this context to mean that [plaintiff's] emotional distress must have been proximately related either to his injury or the impact of the accident." (*Kapoulas*, 11 F.3d at 1384.) The risk that John could have unknowingly contracted the AIDS virus from his wife continued until the two were notified in June of 1992. Thus, the physical impact on John Doe was contemporaneous with that risk and his emotional distress was proximately related to the impact.

We further find that under *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 457 N.E.2d 1, John Doe was a bystander who

was within the "zone of physical danger." The zone-of-physical-danger rule requires that the bystander "must have been in such proximity to the accident *** that there was a high risk to him of physical impact." (*Rickey*, 98 Ill. 2d at 555, 457 N.E.2d at 5.) While John was not near the actual needle stick, he unknowingly entered the "zone of physical danger" by having unprotected sexual intercourse with his wife after her surgery but before he was informed of the mishap. (See *Kapoulas*, 11 F.3d 1380.) Through the unprotected sexual intercourse, John Doe was exposed to the risk of contracting the AIDS virus. He would not have entered the "zone of physical danger" but for the defendant's failure to inform Jane and John of the accident until some two months after the surgery.

Having found that both plaintiffs can maintain an action for the negligent infliction of emotional distress as victims of the defendant's alleged negligence, the remaining issue is whether emotional distress alleged by plaintiffs is a compensable injury in Illinois. More specifically, we must decide whether the trial court erred in deciding that the plaintiffs' fear of contracting AIDS was unreasonable as a matter of law. Our task is to determine a standard which allows recovery for "genuine emotional injury, but excludes frivolous claims." (*McAdams v. Eli Lilly & Co.* (N.D. Ill. 1986), 638 F. Supp. 1173, 1175.) To accomplish this we look to the trend in Illinois emotional distress cases and the logic and policies expressed by courts of other jurisdictions that have analyzed this issue.

Illinois case law provides some guidance for us in analyzing the issue of whether plaintiffs who claim emotional distress must allege a physical injury or illness as a result of the emotional distress. In *Corgan*, the Illinois Supreme Court held that a direct victim of a psychologist's negligence need not allege physical symptoms of emotional distress to sustain a cause of action. (*Corgan*, 143 Ill. 2d 296, 574 N.E.2d 602.) The plaintiff in *Corgan* was sexually exploited by her psychologist "under the guise of therapy." The court noted that one reason for the requirement of physical symptoms of emotional distress was to provide objective evidence to the jury because emotional distress can easily be fabricated or imagined. (*Corgan*, 143 Ill. 2d at 309, 574 N.E.2d at 607-08.) The court then explained that a lack of such objective evidence of damages "is not a justifiable reason to preclude recovery, as expert witnesses such as psychiatrists, psychologists and social workers are fully capable of providing the jury with an analysis of a plaintiff's emotional injuries." (*Corgan*, 143 Ill. 2d at 311, 574 N.E.2d at 609.) Quoting *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 85, 174 N.E.2d 157, the court further noted that jurors can determine whether a person suffers serious emotional injury as a

result of the defendant's conduct using their own life experiences. (*Corgan*, 143 Ill. 2d at 311-12.) In conclusion, the *Corgan* court stated that "this court has not lost its faith in the ability of jurors to fairly determine what is, and is not, emotional distress," and observed that today's health care professionals can offer sufficient guidance to jurors in the area of emotional distress. *Corgan*, 143 Ill. 2d at 312, 574 N.E.2d at 609.

However, the defendant argues that we should not allow the plaintiffs to recover for the fear of contracting AIDS because they cannot prove that they were actually exposed to the virus. Defendants advocate that proof of "actual exposure" as a prerequisite to recovery for emotional distress caused by the fear of contracting AIDS, citing *Carroll v. Sisters of Saint Francis Health Services, Inc.* (Tenn. 1993), 868 S.W.2d 585. *Carroll* and a majority of other jurisdictions have required actual exposure to the HIV virus for plaintiffs claiming damages for emotional distress caused by the fear of contracting AIDS. (*E.g., Hare v. State* (1991), 173 A.D.2d 523, 570 N.Y.S.2d 125; *Burk v. Sage Products, Inc.* (E.D. Pa. 1990), 747 F. Supp. 285; *Funeral Services by Gregory, Inc. v. Bluefield Community Hospital* (1991), 186 W. Va. 424, 413 S.E.2d 79; *Johnson v. West Virginia University Hospitals, Inc.* (1991), 186 W. Va. 648, 413 S.E.2d 889; *Lubowitz v. Albert Einstein Medical·Center* (1993), 424 Pa. Super. 458, 623 A.2d 3; *Doe v. Doe* (1987), 136 Misc. 2d 1015, 519 N.Y.S.2d 595.) The logic set forth in these cases is that without proof of actual exposure to the virus and a likelihood of contracting AIDS, the fear of acquiring AIDS is too speculative as a matter of law. We agree. Although one jurisdiction has found otherwise (see *Faya v. Almaraz* (1993), 329 Md. 435, 620 A.2d 327), we concur with the majority of jurisdictions and reject the claims of the plaintiffs in this case.

Similarly, in a recent case concerning the fear of cancer by exposure to carcinogens, the California Supreme Court held that damages may only be recovered for negligent infliction of emotional distress where: (1) there is exposure to the carcinogens, corroborated by medical opinion, and (2) "it is more likely than not that the plaintiff will develop the cancer in the future." *Potter v. Firestone Tire & Rubber Co.* (1993), 6 Cal. 4th 965, 997, 863 P.2d 795, 816, 25 Cal. Rptr. 2d 550, 571. (In light of *Firestone*, the court remanded *Kerins v. Hartley* (1993), 17 Cal. App. 4th 713, 21 Cal. Rptr. 2d 621, a fear of AIDS case in which the Appellate Court had found for the plaintiffs. (See 28 Cal. Rptr. 2d 151, 868 P.2d 906).)

■ If a suit for damages is based solely upon plaintiff's fear of acquiring AIDS, but there is no allegation of an actual exposure to the virus, a legally compensable claim cannot be recognized. We

agree with the trial court that without such an allegation, plaintiffs' claim is simply too speculative to be cognizable as a matter of law. Recovery in this situation should be based on the likelihood of contracting AIDS, not the fear that it could have happened, but did not.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

McCUSKEY, J., concurs.

JUSTICE BARRY, dissenting:

Although I agree with the majority's recitation of the applicable law in this case, I cannot agree with the majority's holding that the emotional distress suffered by the plaintiffs in this case is not compensable in Illinois.

I find that requiring plaintiffs to allege "actual exposure" to the AIDS virus (as well as other diseases possibly transmitted) is both inconsistent with the rulings of our supreme court and inequitable under the facts of this case. It is erroneous to require that plaintiffs show actual exposure to maintain the present law suit for the same reasons our supreme court eliminated the requirement that plaintiffs allege a physical injury or illness in order to maintain an action for negligent infliction of emotional distress in *Corgan v. Muehling* (1991), 143 Ill. 2d 296, 574 N.E.2d 602. As noted by the majority, the court explained that a lack of objective evidence of damages "is not a justifiable reason to preclude recovery, as expert witnesses such as psychiatrists, psychologists and social workers are fully capable of providing the jury with an analysis of a plaintiff's emotional injuries." (*Corgan*, 143 Ill. 2d at 311, 574 N.E.2d at 609.) The court expressed its faith that jurors can use their own life experiences and guidance from health care professionals to fairly determine whether a person suffers serious emotional injuries as a result of the defendant's conduct. (*Corgan*, 143 Ill. 2d at 312, 574 N.E.2d at 609.) I believe that these principles apply to the issue presented in the case at bar.

I acknowledge that *Carroll v. Sisters of Saint Francis Health Services, Inc.* (Tenn. 1993), 868 S.W.2d 585, and a majority of other jurisdictions have required that plaintiffs show actual exposure to the HIV virus to recover damages for emotional distress caused by the fear of contracting AIDS. (*E.g., Hare v. State* (1991), 173 A.D.2d 523, 570 N.Y.S.2d 125; *Burk v. Sage Products Inc.* (E.D. Pa. 1990), 747 F. Supp. 285; *Funeral Services By Gregory, Inc. v. Bluefield Community Hospital* (1991), 186 W. Va. 424, 413 S.E.2d 79; *Johnson v. West Vir-*

*ginia University Hospitals, Inc.* (1991), 186 W. Va. 648, 413 S.E.2d 889.) However, the logic set forth in these cases is that without proof of actual exposure to the virus, the fear of contracting HIV and developing AIDS is so speculative as to be unreasonable as a matter of law.

I believe that this logic is flawed when applied to cases in which the defendant's actions have made it impossible for plaintiff to prove actual exposure, such as the present case. Plaintiffs in this case could not allege actual exposure because the defendant's own employee refused to be tested for HIV and the defendant refused to disclose the identification of the employee. The plaintiffs could not make the showing that the majority requires in this case because defendant withheld the information necessary to make such a showing. I find both equitable and persuasive the analysis of the Maryland Court of Appeals in *Faya v. Almaraz*, which stated: "In the instant case, we cannot say that appellants' alleged fear of acquiring AIDS was initially unreasonable as a matter of law, even though the averments of the complaints did not identify any actual channel of transmission of the AIDS virus. But *Burk's* requirement that plaintiffs must allege actual transmission would unfairly punish them for lacking the requisite information to do so." *Faya,* 329 Md. at 455, 620 A.2d at 336-37.

Next, I believe a short recitation of the unique facts of this case puts the plaintiffs' fears in perspective.

For our analysis, we first take judicial notice that HIV is a precursor to AIDS and that AIDS is an inevitably fatal disease. We further take judicial notice that intimate sexual contact and the use of contaminated hypodermic needles, through which the semen or blood of an infected person may be transferred to another, are primary modes of spreading the disease. (*People v. Russell* (1994), 158 Ill. 2d 23, 24-25.) Plaintiffs were called into the office of the director of defendant health care facility approximately two months after surgery and told that a medical technician had stuck himself or herself with a needle and then injected Jane with that same needle. In the same breath, the director told plaintiffs that the same technician had refused the director's request that he or she be tested for HIV. The plaintiffs were then told that the defendant would not identify the technician who used the contaminated needle and that Jane and her husband should be tested for HIV.

The majority finds plaintiffs' claim too speculative to be compensable and states that recovery should be based on the likelihood of contracting HIV, not the fear that it could have happened. However, considering the facts from the plaintiffs' perspective, if the risk of

transmission was so speculative, then was it unreasonable for Dr. Svab to advise plaintiffs to undergo a blood test to detect HIV? Even if Dr. Svab's suggestion that plaintiffs be tested for HIV was unreasonable, it was reasonable for plaintiffs to rely on the doctor's opinion that the risk warranted another invasive procedure to test for the disease. I do not believe that either the doctor's advice or the patient's reaction was unreasonable. Rather, what was unreasonable in this case was the negligent act of using a contaminated needle, refusing to dispel plaintiffs' fears through testing of the medical technician and disclosing the results, and concealing the negligent act for two months thereby placing John Doe at risk.

Illinois law allows recovery for a plaintiff who merely witnesses an injury to or death of another from a close proximity, and who is subject to a risk of physical harm for only seconds. (See *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 457 N.E.2d 1; *Kapoulas v. Williams* (7th Cir. 1993), 11 F.3d 1380.) In light of this, I find it inconsistent to deny recovery to plaintiffs who must wonder for months whether they have contracted a fatal disease at the negligent hands of another, under the facts of this case.

The record does not reveal that Dr. Svab offered any reasons to plaintiffs for the necessity of withholding the technician's identity or the delay in informing the plaintiffs of the incident. Although the risk of HIV transmission during surgery is very low when proper barrier techniques are employed, such barriers failed in the present case. Further, although the risk of transmission may be extremely low, it may still be viewed as unreasonable in the eyes of the patient. (See LeBlang, *Obligations of the HIV-Infected Health Professionals to Inform Patients of Their Serological Status: Evolving Theories of Liability*, 27 J. Marshall L. Rev. 317, 323, 327 (1994) (discussing civil liability of health care professionals who put patients at risk of contracting HIV).) Considering the current explosion of information being published by the media as well as State and Federal agencies about HIV and AIDS and the effects on its victims, I find that plaintiffs' fears of contracting HIV and developing AIDS under the facts of this case were not unreasonable as a matter of law. (See *Castro v. New York Life Insurance Co.* (1991), 153 Misc. 2d 1, ___, 588 N.Y.S.2d 695, 698 (Supp. 1991).) Under the facts of this case, I believe that it is for the jury to decide whether the emotional distress caused by the fear of contracting AIDS is compensable.

The fact that the plaintiffs later tested negative for the HIV virus does not preclude recovery in this case. However, it does limit damages to the length of time during which plaintiffs' fears were reasonable. Once plaintiffs' received information "putting to rest" the

fear of contracting HIV to a reasonable degree of medical certainty, emotional distress would then be unreasonable and not compensable as a matter of law. *Faya v. Almaraz* (1993), 329 Md. 435, 455, 620 A.2d 327, 336; see also *Kerins v. Hartley* (1993), 17 Cal. App. 4th 713, 715, 21 Cal. Rptr. 2d 621, 632, *cert. granted* (1993), 24 Cal. Rptr. 2d 236, 860 P.2d 1182, *transferred with directions to vacate and reconsider* (1994), 28 Cal. Rptr. 2d 151, 868 P.2d 906.

In light of the confidence in a jury's ability to determine emotional distress expressed by our supreme court in *Corgan* and the logic set forth by the courts of other jurisdictions on this issue, I would hold that the appropriate standard to be applied in this case is a reasonableness standard. I would find the trial court's order dismissing counts II and III of plaintiffs' complaint erroneous insofar as it would require plaintiffs to show actual exposure to the HIV virus. However, I would expressly limit our holding to the facts in the present case. Where plaintiff is exposed to the blood of another as a result of the other's negligence, and thereafter plaintiff cannot prove or disprove actual exposure to the HIV virus due to the defendant withholding information, I cannot conclude that plaintiff's fears are unreasonable as a matter of law.

Accordingly, I respectfully dissent.