■ LYNN FOTI, an Infant, by STELLA FOTI, Her Guardian ad Litem, Plaintiff, and STELLA FOTI, Respondent, v. NATHAN QUITTEL, Appellant, et al., Defendants.— In a negligence action, the defendant Nathan Quittel appeals: (a) from a judgment of the City Court of Yonkers, rendered June 6, 1962 after trial upon a jury's verdict of $3,000 in favor of the plaintiff, Stella Foti, the mother of the infant plaintiff Lynn Foti; and (b) from an order of said court, dated July 5, 1962, which denied said defendant's motion to set aside the verdict in favor of the plaintiff mother and for a new trial as to her. The jury by its verdict also awarded $3,000 damages to the infant plaintiff. It appears that a separate judgment was entered in favor of the infant and paid. The infant's recovery is not challenged or in issue on this appeal. Judgment appealed from and order reversed on the law and the facts, without costs; action severed as to the mother; motion granted and new trial ordered as to the mother (such new trial to be limited to the question of damages), unless, within 30 days after entry of the order hereon, the plaintiff mother shall stipulate to reduce to $697.50 the jury's verdict in her favor and to amend the judgment accordingly, in which event the judgment as so reduced and amended is affirmed, without costs. The plaintiff mother asserted a derivative cause of action based on the injuries sustained by her six-year-old daughter who fell and broke her wrist. The mother, claiming damages of $3,000, alleged that she incurred medical expenses on behalf of the infant and that she lost the services and the society and comfort of her child. Upon the trial the mother made no attempt to prove loss of the infant's services but she did prove $697.50 in special damages. The court refused to charge that no loss of services had been proved and gave no instructions to the jury with respect to damages. The court, however, did repeat the plaintiff's claim that she had been damaged by the loss of the child's services and society. The jury awarded the mother $3,000. It is clear that the amount by which this verdict exceeds the special damages proved, reflects either compensation for a loss of services which was not proved or for a loss of the child's society which is not compensable (*Gilbert* v. *Stanton Brewery*, 295 N. Y. 270). In view of the excessive verdict and the lack of any proper instruction with respect to damages, a new trial must be had on the question of damages unless the mother consents to reduction of the verdict in her favor to $697.50 (*McCrain* v. *City of New York*, 12 A D 2d 482; *Nicotra* v. *John Hancock Mut. Life Ins. Co.*, 268 App. Div. 1004; *Zeffiro* v. *Porfido*, 265 App. Div. 185). Beldock, P. J., Ughetta, Hill, Rabin and Hopkins, JJ., concur.