■ STAMATOIS MASTROGIANNIS et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [612 NYS2d 31] —Judgment, Supreme Court, Bronx County (David Levy, J.), entered November 9, 1992, in favor of defendant and against plaintiff dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about October 1, 1992, which granted defendant's motion to set aside the verdict in plaintiff's favor and direct judgment in defendant's favor, unanimously affirmed, without costs. The appeal from the aforesaid order is unanimously dismissed as superseded by the appeal from the aforesaid judgment, without costs.

Plaintiff underwent surgery to remove a portion of the large intestine where a cancerous polyp had been located. At the time of surgery two tissue specimens were removed for testing. One of these samples tested negative, however, the second, a larger specimen in proximity to where the polyp had been removed, was lost. The record reflects that plaintiff failed to demonstrate that his fear of having cancer was reasonably attributable to the loss by defendant of the second tissue specimen. Assurances by plaintiff's physicians of the absence of cancer in that area as well as in other areas of his body and periodic diagnostic tests over a period of seven years that confirmed the lack of cancer served to establish that plaintiff's obsessive phobia and resulting mental anguish were based on an irrational fear, and his fear of the cancer returning was not caused, nor was the risk of cancer increased, by the loss of the specimen (see, Winik v Jewish Hosp., 31 NY2d 936; Rittenhouse v St. Regis Hotel Joint Venture, 149 Misc 2d 452, revd in part on other grounds 180 AD2d 523; Hare v State of New York, 173 AD2d 523, lv denied 78 NY2d 859). Concur—Murphy, P. J., Rosenberger, Kupferman, Ross and Tom, JJ.