■ SABRINA DEVITO et al., Respondents, v J. M. OPATICH et al., Appellants. [627 NYS2d 441] —In a medical malpractice action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered July 8, 1993, which, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $1,550,000.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof which awarded the plaintiff parents $50,000 for loss of their child's services and loss of her society and that cause of action is dismissed; as so modified, the judgment is affirmed, with costs to the infant plaintiff payable by the appellants, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment.

Contrary to the defendants' contention, the infant plaintiff adduced sufficient evidence from which the jury could rationally conclude that her condition of cerebral palsy involving the right side of her body was proximately caused by the negligence of the defendant J. M. Opatich *(see, Chazon v Parkway Med. Group,* 168 AD2d 660; *Mortensen v Memorial Hosp.,* 105 AD2d 151). Moreover, upon our review of the record, we find that the verdict in favor of the infant plaintiff was not against the weight of the credible evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499; *Moffatt v Moffatt,* 86 AD2d 864, *affd* 62 NY2d 875). While there was conflicting expert testimony as to the cause of the damage to the infant plaintiff's left cerebral hemisphere, the jury was entitled to give credence to the testimony of the parents respecting their observations at the hospital at the time of delivery and accept the opinion of the plaintiffs' expert witnesses, that the failure

to deliver the infant prior to the spontaneous delivery represented a departure from good and accepted medical practice and was a substantial factor in bringing about the infant plaintiff's injury *(see, Dunham v Village of Canisteo,* 303 NY 498, 504; *Mortensen v Memorial Hosp.,* 105 AD2d 151, 158, *supra).*

However, we agree with the defendants that the court erred with respect to that portion of the charge which included as an element of the parents' damage the loss of their minor daughter's society which is not compensable *(see, Gilbert v Stanton Brewery,* 295 NY 270, 273; *De Angelis v Lutheran Med. Ctr.,* 84 AD2d 17, 25, *affd* 58 NY2d 1053; *White v City of New York,* 37 AD2d 603; *Foti v Quittel,* 19 AD2d 635). Furthermore, there was no proof of loss of services. Thus, that portion of the judgment which is in favor of the infant plaintiff's parents in the amount of $50,000 must be reversed.

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Miller, Santucci and Altman, JJ., concur.