■ ALBERT D. SARGEANT, Respondent, v NEW YORK INFIRMARY BEEKMAN DOWNTOWN HOSPITAL, Appellant. [635 NYS2d 8] —Order and judgment, Supreme Court, New York County (Helen Freedman, J.), entered July 28, 1994 and September 23, 1994, respectively, which denied defendant's motion to set aside the verdict but reduced the verdict from $500,000 to $150,000, and permitted plaintiff to either stipulate to the reduced award or have a new trial ordered, unanimously reversed, on the law, without costs, the judgment vacated, the cause of action for disease-phobia dismissed, and the matter remanded for a new trial.

The jury's finding that the blood transfusion at issue was contraindicated warranted an instruction that it determine whether Dr. Altman, plaintiff's attending physician, in fact ordered the transfusion as the evidence suggested, and, if so, that it apportion liability, pursuant to CPLR article 16, between Dr. Altman and the defendant hospital as to the medical malpractice cause of action. Under the circumstances, the failure to give such instruction was prejudicial and a new trial is mandated (*see, Iglesias v Townhouse Penthouse Indus.*, 187 AD2d 977 [new trial granted where failure to properly instruct jury prevented fair consideration of proximate cause issue]).

It was also error to grant plaintiff an award for disease-phobia and indeed, the claim is legally insufficient. The record indicates that the blood plaintiff received tested negative for HIV and hepatitis C as well as other diseases, and that the blood donors and plaintiff have also subsequently tested negative. Thus, in the absence of objective medical evidence of a likelihood of contracting the diseases alleged by plaintiff, his claim is "too remote and too speculative, and not compensable as a matter of law" (*Kaufman v Physical Measurements*, 207 AD2d 595, 596; *see also, Mastrogiannis v New York City Health & Hosps. Corp.*, 204 AD2d 207, *lv denied* 84 NY2d 804). Concur—Sullivan, J. P., Kupferman, Williams and Tom, JJ.