■ JEROME SCHULMAN et al., Respondents, v PRUDENTIAL INSURANCE COMPANY OF AMERICA, Doing Business as PRUDENTIAL SELECT, et al., Appellants. [640 NYS2d 112] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 27, 1995, which denied defendants' motion and cross motions to dismiss the first and third causes of action of the complaint for failure to state a cause of action, unanimously modified, on the law, to the extent of granting the cross motion of defendants Certified Executive Examiners, Inc., Tobias and Kips Bay Medical Associates, P. C., dismissing the complaint as to them and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of appellants, Certified Executive Examiners, Inc., Tobias and Kips Bay Medical Associates, P. C., dismissing and severing the action as against them.

The erroneous report of an HIV positive finding following blood analysis is a " 'special circumstance' " that provides assurance that a claim to recover for negligent infliction of emotional distress as a result of the erroneous report is genuine and not spurious, and therefore plaintiff's claim may be maintained (*Johnson v State of New York*, 37 NY2d 378, 382). It is clear that the defendants who handled the blood sample and issued the erroneous report owed a duty of care, under the circumstances herein, to this plaintiff, even in the absence of a direct relationship with him (*supra*, at 382-383; *see*, *McKinney v Bellevue Hosp.*, 183 AD2d 563, 565-566). Since the so-called Execumed defendants, enumerated above, had no connection to the vials of blood giving rise to the erroneous result, we modify to grant their cross-motion to dismiss.

We have considered the remaining defendants' additional

contentions and find them to be without merit. Concur—Murphy, P. J., Milonas, Ross, Nardelli and Tom, JJ.