■ In the Matter of ELIZABETH R., Appellant. [643 NYS2d 224]

The petitioner commenced this proceeding to have a guardian appointed on behalf of her sister, Elizabeth R., alleging that Elizabeth R. was incapable of handling her personal and financial needs due to her use of drugs and alcohol. The Supreme Court dismissed the petition and imposed sanctions upon the appellants, finding that the commencing and continuing of this proceeding was frivolous pursuant to 22 NYCRR 130-1.1. We hold that the imposition of sanctions was within the court's discretion.

Conduct is frivolous and can be sanctioned under the court rule if "it is completely without merit * * * [or] it is undertaken * * * to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [1], [2]). "In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues * * * the circumstances under which the conduct took place" (22 NYCRR 130-1.1 [c]). In light of the fact that this petition was filed contemporaneously with another petition, by which the petitioner was seeking to restrain Elizabeth R. from gaining access to or controlling their mother's assets, along with the other circumstances of this case, the Supreme Court did not improvidently exercise its discretion in concluding that appellants engaged in frivolous conduct with the intention to harass and maliciously injure Elizabeth R. (*see, Matter of Rosenhain,* 222 AD2d 745).

The appellants' remaining contention is without merit. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.