■ Phyllis Bishop, Respondent, v Mount Sinai Medical Center, Appellant. [669 NYS2d 530] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about October 7, 1996, which denied defendant's motion for

summary judgment dismissing all of plaintiff's claims alleging emotional distress based upon "AIDS phobia," unanimously reversed, on the law, the motion granted and those claims are dismissed, without costs.

On May 31, 1991, plaintiff was leaving defendant hospital when she was struck by a plastic dumpster which careened off a loading dock. As plaintiff used her hands to cover her face, she felt something sharp cut her hand, and noticed her fingers were bleeding. Plaintiff believed she was cut by a sharp object in one of the plastic bags piled in the dumpster, but she never saw any sharp object and none was ever recovered.

Immediately after the incident, plaintiff was taken to the hospital's emergency room and was interviewed by several hospital personnel, including the director of security, the administrator and several doctors and nurses. Plaintiff was offered the opportunity to take a needle stick test, and was offered AZT medication as a precautionary measure, in case the object which cut her was infected with the human immunodeficiency virus ("HIV"). Plaintiff refused both the test and the medication offered by the hospital. Plaintiff did undergo a blood test in June 1992 by her family physician, and she was advised that test showed negative results for HIV.

In October 1995, the hospital moved for summary judgment, submitting an affidavit from its Director of Infectious Diseases Clinic, Dr. Rose, which concluded that plaintiff's claims of emotional distress based on AIDS phobia were unreasonable and not supported by any medical evidence. The Rose affidavit stated that the hospital's waste disposal procedures (requiring that sharp objects be placed in puncture resistant containers) made it highly unlikely that a sharp, possibly infectious object would be present inside the plastic bag. It further stated that the prevailing medical studies have concluded that the HIV antibody test is 100% accurate to detect the HIV antibody in an infected person's blood, and that in nearly all cases the antibody will appear in the person's blood within 6 months of infection. The hospital offered additional evidence that the garbage in the dumpster came from the kitchen area, and that it was extremely unlikely that medical waste such as needles would find its way into those bags. In her opposition papers, plaintiff contended that issues of fact existed regarding the hospital's compliance with its waste disposal procedures, whether the object that caused her injury was in fact contaminated with the HIV virus and whether the virus might be detected beyond the 6 month period.

The IAS Court denied the hospital's motion. Although

recognizing that recent appellate rulings required the plaintiff to show "actual exposure to the HIV virus" in order to sustain such a claim, it concluded that possible contamination could not be ruled out because the object was never recovered. Without any other conclusive proof that the object which injured plaintiff was not infected, the court was "unable to ascertain if plaintiff's alleged fears are reasonable." The court also stated that "more medical evidence on the transmittal and incubation period of the virus is needed" before the court could rule, as a matter of law, that a negative HIV antibody test 13 months after the alleged infection removes the possibility of infection.

On appeal, defendant hospital argues that summary judgment should have been granted since plaintiff failed to offer any evidence that she was exposed to any HIV-infected fluids. We agree. "In the absence of proof of a likelihood of contracting AIDS, recovery for emotional distress will be denied as overly speculative and remote" (*Kaufman v Physical Measurements,* 207 AD2d 595, 596; *see, Sargeant v New York Infirmary Beekman Downtown Hosp.,* 222 AD2d 228, *lv dismissed* 88 NY2d 962). As the Second Department stated in *Brown v New York City Health & Hosps. Corp.* (225 AD2d 36, 45), "in order to maintain a cause of action for damages due to the fear of contracting AIDS, a plaintiff who has not tested seropositive must offer proof of 'actual exposure', that is, proof of both a scientifically accepted method of transmission of the virus * * * and that the source of the allegedly transmitted blood or fluid was in fact HIV positive." In the present case, plaintiff presented no evidence that the object that cut her finger was infected with the HIV virus. Indeed, all of the evidence in the record on that subject—the June 1992 negative HIV test result, the statement from a hospital employee regarding the origin of this waste and the hospital procedures for disposing medical waste—indicates just the opposite.

The failure to recover and test the object that caused plaintiff's injuries does not, as the IAS Court concluded, dictate a contrary result. In *Brown v New York City Health & Hosps. Corp. (supra,* at 48), the Court found that the failure to test the discarded needle for the presence of HIV did not bar the plaintiff's claim because "there was other evidence from which a jury could potentially conclude that the needle was contaminated". That evidence consisted of the undisputed fact that the needle that caused the plaintiff-nurse's injuries was found in the crib of an infant infected with the HIV virus, and that blood had been drawn from that infant some time earlier.

In the present case, however, there was no evidence as to what the object was or where it came from, and it is only pure speculation that the object that caused this plaintiff's injuries was infected. Accordingly, plaintiff's fear of contracting AIDS was too remote and speculative to be compensable (see, *Sargeant v New York Infirmary Beekman Downtown Hosp.*, *supra*).

While we acknowledge that some courts have adopted a lesser standard in requiring only proof of a possible channel of transmission, without any proof of actual exposure (see, *Castro v New York Life Ins. Co.*, 153 Misc 2d 1 [Sup Ct, NY County 1991]; *Marchica v Long Is. R. R. Co.*, 31 F3d 1197, 1204-1205 [2d Cir 1994], *cert denied* 513 US 1079), we decline to adopt this view. We agree with the Second Department that "[r]equiring proof of actual exposure * * * will * * * insure that there is a genuine basis for the plaintiff's fear of developing the disease, that the fear is not based on public misconceptions about the disease, and that such claims are treated consistently" (*Brown v New York City Health & Hosps. Corp.*, *supra*, at 45).

Accordingly, defendant's motion for summary judgment dismissing plaintiff's claims for emotional distress based on AIDS phobia is granted. Concur—Milonas, J. P., Rubin, Tom and Mazzarelli, JJ.