■ BETH A. FOSBY et al., Appellants, v ALBANY MEMORIAL HOSPITAL, Respondent. [675 NYS2d 231] —White, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered July 8, 1997 in Rensselaer County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

While being treated at defendant's emergency room on

November 18, 1994, plaintiff Beth A. Fosby (hereinafter plaintiff) reached for a blanket and felt a sharp pin prick, which she discovered was caused by a needle imbedded in her right index finger. She removed the needle and gave it to a nurse, who informed her that she could get a copy of the incident report that would tell her how the needle was previously used. Defendant refused to provide plaintiff with this report; instead it advised her that she should consider the needle infectious and be tested for the human immunodeficiency virus (hereinafter HIV) at three, six and 12-month intervals. Plaintiff followed this advice and, fortunately, tested negative for HIV antibodies.

Claiming that defendant's refusal to provide her with information regarding the prior use of the needle and its advice to undergo HIV testing led her to believe that she was at grave risk of contracting Acquired Immune Deficiency Syndrome (hereinafter AIDS), plaintiff, and her husband derivatively, commenced this action that is commonly referred to as an "AIDS phobia" claim. Following some discovery, defendant moved for summary judgment, submitting affidavits from two medical experts who opined that the needle was unused as there was no blood or other hemoglobin present and there was a zero probability that the HIV virus could have been transmitted by the needle to plaintiff. Supreme Court granted the motion, prompting this appeal.*

Plaintiff maintains that she has a viable cause of action since the record contains sufficient evidence to show that she had a rational basis for her fear of contracting AIDS. This argument might find favor in those jurisdictions that have adopted the "reasonableness" standard, which permits recovery where a plaintiff can allege a specific incident of potential exposure sufficient to create a reasonable fear of having contracted the HIV virus (*see*, *Marchica v Long Is. R. R. Co.*, 31 F3d 1197, 1206, *cert denied* 513 US 1079; *Marriott v Sedco Forex Intl. Resources*, 827 F Supp 59, 74-75). Plaintiff's argument has little force in New York, however, as we measure an "AIDS phobia" claim by an objective standard. Under this standard, a plaintiff who is not HIV positive does not have a viable claim unless there is proof of actual exposure, i.e., some injury, impact or other plausible mode of transmission whereby HIV contamination could with reasonable likelihood enter the plaintiff's blood stream, and evidence that the allegedly transmitted blood or fluid was in fact HIV positive (*see*, *Bishop v Mount Sinai Med.*

---

* Supreme Court also denied plaintiff's cross motion for an order compelling discovery. The denial of that motion is not at issue on this appeal.

*Ctr.*, 247 AD2d 329, 331; *Blair v Elwood Union Free Pub. Schools*, 238 AD2d 295, 296; *Montalbano v Tri-Mac Enters.*, 236 AD2d 374, 375; *Brown v New York City Health & Hosps. Corp.*, 225 AD2d 36, 45; *Sargeant v New York Infirmary Beekman Downtown Hosp.*, 222 AD2d 228, *lv dismissed* 88 NY2d 962; *Hare v State of New York*, 173 AD2d 523, 524-525, *lv denied* 78 NY2d 859). These cases comport with this Court's decision in *Kaufman v Physical Measurements* (207 AD2d 595), where we held that "[i]n the absence of proof of a likelihood of contracting AIDS, recovery for emotional distress will be denied as overly speculative and remote" (*id.*, at 596).

Lacking the requisite proof of actual exposure to HIV, a plaintiff may nevertheless pursue a claim to recover for negligent infliction of emotional distress where "there exists 'an especial likelihood of genuine and serious mental distress, arising from * * * special circumstances, which serves as a guarantee that the claim is not spurious'" (*Johnson v State of New York*, 37 NY2d 378, 382, quoting Prosser, Torts § 54, at 330 [4th ed]; *see, Schulman v Prudential Ins. Co.*, 226 AD2d 164). In our opinion, defendant's unexplained refusal to provide plaintiff with any information regarding the needle may well constitute such a "special circumstance" given plaintiff's exposure to a scientifically accepted means of transmission of HIV together with defendant's unreasonable withholding of information regarding the prior use of the needle and whether the needle had been, or could have been, tested for the presence of blood or HIV antibodies. In fact, it was some 18 months after the incident that defendant delivered the needle to a laboratory for testing. Sometime thereafter plaintiff was informed that the needle appeared to be unused and that no hemoglobin was detected. As this record presents evidence which may support a "special circumstance" claim (*compare, Kaufman v Physical Measurements, supra*, at 596), summary judgment in defendant's favor was not warranted.

Yesawich Jr., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendant's motion for summary judgment; said motion denied; and, as so modified, affirmed.