[680 NYS2d 281]

DANIEL MCLARNEY et al., Appellants, v COMMUNITY HEALTH PLAN, Respondent.

Third Department, November 19, 1998

### APPEARANCES OF COUNSEL

*Sullivan Cunningham Keenan Mraz & Lemire,* Albany (*Michael D. Violando* of counsel), for appellants.

*Carter, Conboy, Case, Blackmore, Napierski & Malone, P. C.,* Albany (*Nancy E. May-Skinner* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH JR., J.

Plaintiff Daniel McLarney (hereinafter plaintiff) was accidentally stuck by a needle while removing a bag of trash from a dental examining room at defendant's facility. He reported this incident to defendant and proceeded, as directed, to seek treatment at a nearby hospital emergency room. Although plaintiff took the needle with him to the emergency room, it was apparently discarded by a nurse after she ascertained that it contained insufficient material to test for the presence of HIV (Human Immunodeficiency Virus). Plaintiff was told that he should proceed as though he may have been infected with HIV; he was tested for exposure to the virus and, among other things, was prescribed a six- or eight-week course of AZT (a drug used in the treatment of those infected with HIV).

After he began taking AZT, plaintiff experienced serious side effects, including dizziness, lightheadedness, nausea, chest pains and palpitations, causing him to seek further medical advice and, ultimately, to cease taking the drug. His chest pain continued, however, and it was subsequently discovered that he had a hiatal hernia and an esophageal ulcer, which, the evidence reveals, may have been caused or exacerbated by the AZT itself or by the stress occasioned by plaintiff's fear that he might develop AIDS. Plaintiff also testified that his marriage suffered due to his wife's fear of contracting AIDS and the limitations placed on their sexual contact.

This suit by plaintiff and his wife was commenced to recover damages for the physical and emotional injuries plaintiff and his wife assertedly endured as a result of defendant's negligence and violation of Public Health Law § 1389-cc (requiring that medical "sharps" be disposed of in secure, puncture-resistant containers). After issue was joined and some discovery conducted, defendant successfully moved for summary judgment, prompting this appeal by plaintiffs.

■ Inasmuch as plaintiff has not tested seropositive for HIV, he can recover for emotional injury stemming from his fear of developing AIDS only if he is able to show that he was actually exposed to the virus (*Brown v New York City Health & Hosps. Corp.*, 225 AD2d 36, 45; *see, Fosby v Albany Mem. Hosp.*, 252 AD2d 606, 607; *Bishop v Mount Sinai Med. Ctr.*, 247 AD2d 329, 331). The record establishes that the needle with which plaintiff was stuck had not come into contact with any blood or fluid carrying HIV. Given the lack of evidence that plaintiff was "actually exposed" to the virus that causes AIDS, or that other "special circumstances" exist which provide an indication of the genuineness of his claim (*see, Fosby v Albany Mem. Hosp., supra; Schulman v Prudential Ins. Co.*, 226 AD2d 164), plaintiff's attempt to recover for the emotional trauma and stress stemming from his fear of contracting AIDS must fail (*see, Kaufman v Physical Measurements*, 207 AD2d 595, 596). Accordingly, the third cause of action, and so much of the other three causes of action as are premised upon allegations of emotional or psychological injuries, or their sequelae (including physical manifestations of, or injuries assertedly caused by, stress or fear), were properly dismissed.

■ The second cause of action, charging defendant with violating Public Health Law § 1389-cc, is also meritless, for even if the cited statute were held to create a private right of

action (*but see, e.g., Town of Wilson v Town of Newfane*, 181 AD2d 1045, 1046; *McWilliams v Catholic Diocese*, 145 AD2d 904, 904-905), the "remote and * * * speculative" nature of plaintiff's alleged emotional injuries (*Kaufman v Physical Measurements, supra*, at 596) would preclude recovery therefor. And, while a violation of the statute may be relevant to the issue of defendant's negligence, there is no basis for sustaining a separate "statutory" cause of action (*see, Albright v Metz*, 217 AD2d 123, 129, *affd* 88 NY2d 656).

■ However, insofar as plaintiffs' complaint seeks compensation for physical injuries (and derivative losses) purportedly caused directly by the needle stick, or by reason of the treatment administered therefor (including the ingestion of AZT, which would have been prescribed, given the circumstances of the accident, regardless of whether plaintiff actually harbored any subjective fear of developing AIDS), defendant has not demonstrated any basis for rejecting those claims at this juncture (*cf., Hare v State of New York*, 173 AD2d 523, 524, *lv denied* 78 NY2d 859). Consequently, defendant's summary judgment motion should have been denied to that extent.

MIKOLL, J. P., CREW III, WHITE and SPAIN, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion and dismissed that part of plaintiffs' first and fourth causes of action as are premised upon allegations of physical injuries or derivative losses caused directly by the needle stick or by the treatment administered therefor; motion denied regarding said claims; and, as so modified, affirmed.