(January 11, 2001)

■ Dona Kelly et al., Appellants, v Our Lady of Mercy Medical Center, Respondent. [719 NYS2d 50] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about May 25, 1999, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The complaint, in this action to recover for damages for emotional distress stemming from AIDS phobia, was properly dismissed since plaintiff, who has not tested seropositive for HIV in seven years, failed to present evidence sufficient to raise a factual issue as to whether the discarded lancet upon which she pricked herself while a patient in defendant hospital was contaminated with HIV (see, *Brown v New York City Health & Hosps. Corp.*, 225 AD2d 36, 45; accord, *Bishop v Mount Sinai Med. Ctr.*, 247 AD2d 329). The evidence of plaintiff's experts that, at the time plaintiff pricked herself upon the lancet, some 25% of patients in Bronx hospitals were HIV positive, is insufficient to raise a factual issue as to whether plaintiff was actually exposed to the virus where, as here, plaintiff's HIV tests in the years since the incident have been consistently negative, and hospital records show that no patient on plaintiff's floor for the month preceding the incident had been treated for either HIV or AIDS and that for seven days preceding the incident no patient in the area where plaintiff was being treated had been diagnosed with HIV or AIDS. Nor, in view of this compelling evidence establishing the absence of any real possibility that plaintiff was exposed to HIV when she stuck herself with the lancet, would an inference against defendant be warranted by the circumstance that defendant's nurse, in what was plainly not an intentional act of evidentiary spoliation, discarded the lancet in the immediate aftermath of plaintiff's pricking.

Finally, plaintiff's contention, raised during oral argument,

that defendant's disposal of the lancet, combined with its delay in revealing the HIV status of the patients on her floor, amount to "special circumstances" providing an independent basis for a finding of negligent infliction of emotional distress, is unavailing. To the extent that plaintiff relies on the hospital's purported six-year delay in informing her that there had been no HIV-positive patients on her floor for at least the prior month, such a claim was neither pleaded, raised below, nor adequately briefed on appeal. Moreover, the record is devoid of any verifiable indication that she had formally requested the information. Plaintiff failed to show that defendant's delay in gathering the information as to its patients' HIV status was unreasonable (cf., Fosby v Albany Mem. Hosp., 252 AD2d 606).

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Lerner, JJ.