■ JOHN V. MUZIO et al., Appellants, v JAMES T. BROWN et al., Respondents. [755 NYS2d 278] —In an action for replevin and to recover damages for intentional infliction of emotional distress, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated October 5, 2001, which, inter alia, granted the separate motions of the defendants James T. Brown, Sagamore In Pine Hollow, Ltd., and Sagamore Auto Body, Inc., and the defendants Frank Verderber and Pine Lane Association, Inc., to dismiss the complaint, to impose a sanction on the plaintiffs, and for an award of an attorney's fee.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs seek return of a 1982 Buick Skylark automobile which they left parked on the street from 1997 until October 2000. The vehicle, which had been vandalized, was towed away at the direction of the Village of Bayville.

The defendants established that the vehicle was properly removed pursuant to Bayville Village Code chapter 74 as an abandoned vehicle. The record also indicates that before the vehicle was towed, sundry summonses were issued to the plaintiffs regarding the vehicle, all of which remain unpaid and outstanding. The plaintiff Theresa Muzio was served with prior notice by mail of the impending removal of the vehicle and failed to respond within the prescribed 10-day period. Accordingly, the plaintiffs' action was properly dismissed.

Further, the Supreme Court properly imposed a sanction on the plaintiffs and awarded an attorney's fee to the defendants based on the plaintiffs' frivolous claim of intentional infliction of emotional distress. Conduct is frivolous and can be sanctioned if it is completely without merit or it is undertaken to harass or maliciously injure another (*see Matter of Elizabeth R.,* 228 AD2d 445, 446 [1996]). As a matter of law, damages are not recoverable for mental or emotional distress caused by destruction of personal property (*see Probst v Cacoulidis,* 295 AD2d 331, 332 [2002]). Further, it is beyond dispute that the conduct of reporting the presence of the vehicle to the Village of Bayville was not outrageous, atrocious, or untenable in a civilized society (*see Stanley v City of New York,* 183 AD2d 675, 676 [1992]). Smith, J.P., Goldstein, Crane and Rivera, JJ., concur.