450 F.Supp.2d 432 (2006)
In re: AIR CRASH AT BELLE HARBOR, NEW YORK ON NOVEMBER 12, 2001
Thomas J. Lawler, et al., Plaintiff,
v.
American Airlines, Inc., Defendants.
No. MDL 1448(RWS). No. 02 Civ. 1337(RWS).
United States District Court, S.D. New York.
September 26, 2006.
*433 Frank H. Granito, III, Frank H. Granito, Jr., Kenneth P. Nolan, Speiser, Krause, Nolan & Granito, New York City, for Plaintiff.
Christopher Carlsen, Clyde & Co US LLP, Randal R. Craft, Jr., Haight Gardner Poor & Havens, New York City, for American Airlines, Inc.
Thad T. Dameris, Vinson & Elkins, L.L.P., for Airbus Industrie, G.I.E., Defendant.

MEMORANDUM OPINION
SWEET, District Judge.
Defendants Airbus Industrie G.I.E. and American Airlines, Inc. ("Defendants") have moved for partial summary judgment to dismiss with prejudice all claims for alleged mental injuries (including claims for grief, sorrow, shock, and mental distress) brought by plaintiff Thomas J. Lawler ("Lawler") and on behalf of Brendan A. Lawler, Katelyn A. Lawler, and Jennifer M. Lawler.
The facts, which are undisputed, are adopted as set forth in Defendants' Local Civil Rule 56.1 Statement of Material Facts.
The parties agree that New York's substantive law governs all issues relating to defendants' liability for compensatory damages caused by decedents' deaths and the destruction of their Belle Harbor home and personal property.
New York law permits recovery in wrongful death cases for "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought." N.Y. Est. Powers & Trust Law § 5-4.3 (McKinney 1999). This includes elements of damages such as loss of support, loss of household services, and loss of parental care and guidance. See generally Sand v. Chapin, 238 A.D.2d 862, 656 N.Y.S.2d 700, 701-02 (3d Dep't 1997). However, New York law does not permit recovery of loss of consortium, mental anguish, or grief damages. See, e.g., LaMarca v. United States, 31 F.Supp.2d 110, 130 (E.D.N.Y.1998); Liff v. Schildkrout, 49 N.Y.2d 622, 633-34, 427 N.Y.S.2d 746, 404 N.E.2d 1288 (1980). Indeed, New York has a strong interest in its expressed policy to confine wrongful death recoveries to pecuniary damages. See Liff, 49 N.Y.2d at 633-34, 427 N.Y.S.2d 746, 404 N.E.2d 1288; *434 O'Rourke v. Eastern Air Lines, Inc., 730 F.2d 842, 850 (2d Cir.1984), abrogated on other grounds, Salve Regina Coll. v. Russell, 499 U.S. 225, 230-32, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991) (standard of review).
Accordingly, as a matter of law claimants cannot recover damages for their alleged mental injuries as part of the claim for the wrongful deaths of Kathleen Lawler and Christopher Lawler.
It is undisputed that decedents were the only family members at the family residence at the time of the air crash; plaintiff was at a golf course, his daughters were at school, and his son Brendan was in Alabama. Damages for claimants' alleged mental injuries therefore are not recoverable under a personal injury or bystander theory, respectively, under New York law because: (1) claimants were not themselves physically injured; and (2) claimants were not in the zone of danger and did not witness from the zone of danger the death or serious physical injury of a family member. In re Air Crash Disaster at Cove Neck (Tissenbaum v. Aerovias Nacionales de Colombia, S.A.), 885 F.Supp. 434, 438-40 (E.D.N.Y.1995); Hassanein v. Avianca Airlines, 872 F.Supp. 1183, 1187-88 (E.D.N.Y.1995).
Plaintiff has also claimed nonpecuniary damages for the destruction of the family residence and its contents. Even assuming that plaintiff has retained claims for unreimbursed damage to or destruction of property (i.e., property damage claims that have not already been settled on behalf of the parties or assigned by plaintiff to a subrogated insurance company), the property damages claims nevertheless will not support a claim for mental injuries, because New York law does not permit recovery of damages for mental distress arising out of damage to or destruction of property. See, e.g., Muzio v. Brown, 302 A.D.2d 505, 755 N.Y.S.2d 278, 279 (2d Dep't 2003) (affirming the imposition of a sanction for a frivolous claim of infliction of emotional distress from property damage, and stating that "[a]s a matter of law, damages are not recoverable for mental or emotional distress caused by destruction of personal property"); Magro v. Morgan Holding Corp., 292 A.D.2d 154, 738 N.Y.S.2d 194 (1st Dep't 2002) (unanimously affirming order dismissing claims for negligent infliction of emotional distress and psychological injuries on the basis that "plaintiffs had no viable cause of action for negligent infliction of emotional distress and ensuing emotional injury where, as here, observation of damage to personal property was the source of the psychological harm alleged"); Gen. Accident Ins. Co. v. Black & Decker (U.S.) Inc., 266 A.D.2d 918, 697 N.Y.S.2d 420 (4th Dep't 1999) (no cause of action for emotional distress caused by destruction of property or observation of property damage).
There being no genuine issue of material fact, Defendants' motion for partial summary judgment is granted, and plaintiff's claims for alleged mental injuries are dismissed with prejudice.
It is so ordered.