■ Susan Siegrist et al., Appellants, v State of New York, Respondent. [868 NYS2d 670]—

In a claim, inter alia, to recover damages for negligent infliction of emotional distress, etc., the claimants appeal from an order of the Court of Claims (DeBow, J.), dated April 23, 2007, which denied their motion for summary judgment on the issue of liability and granted that branch of the defendant's cross motion which was for summary judgment dismissing the claim.

Ordered that the order is affirmed, with costs.

Susan Siegrist (hereinafter the claimant) underwent surgery under general anesthesia at Stony Brook University Hospital. Four days after the surgery, her surgeon informed her that blood

had been found in the "expiratory component" of the ventilator used during her surgery, and that the likely source of the blood was a patient who had undergone trauma surgery in the operating room prior to the claimant's surgery. The trauma patient was in a coma and subsequently died, and could not provide consent to have his blood tested for HIV (*see* Public Health Law § 2781 [1]). Although the claimant was informed that because no blood had been found in the "inspiratory component" of the ventilator, her risk of contracting a disease from the blood was "exceedingly low" or "minimal," it nevertheless was recommended to her that she undergo testing for the HIV virus every three months for the following year. The claimant followed this recommendation, and tested negative each time for HIV.

The claimant and her husband filed this claim, inter alia, to recover damages for the negligent infliction of emotional distress based on the claimant's fear of contracting AIDS. The defendant cross-moved, among other things, for summary judgment dismissing the claim, setting forth a prima facie case for that relief. In opposition, the claimant failed to offer any evidence that she was actually exposed to HIV or AIDS (*see Kelly v Our Lady of Mercy Med. Ctr.*, 279 AD2d 290 [2001]; *Fosby v Albany Mem. Hosp.*, 252 AD2d 606, 607-608 [1998]; *McLarney v Community Health Plan*, 250 AD2d 310, 312 [1998]; *Bishop v Mount Sinai Med. Ctr.*, 247 AD2d 329, 331 [1998]; *Montalbano v Tri-Mac Enters. of Port Jefferson*, 236 AD2d 374, 375 [1997]; *Brown v New York City Health & Hosps. Corp.*, 225 AD2d 36, 44-47 [1996]). In order to state a cause of action pursuant to this theory, a claimant who has not tested positive for HIV must establish that due to the negligence of another party, the claimant was exposed to HIV through a scientifically-accepted method of transmission and the source of the allegedly transmitted blood or fluid was HIV positive (*see Ornstein v New York City Health & Hosps. Corp.*, 10 NY3d 1, 6 [2008]; *Brown v New York City Health & Hosps. Corp.*, 225 AD2d 36 [1996]). Accordingly, the Court of Claims properly awarded the defendant summary judgment dismissing the claim.

The appellants' remaining contention is without merit. Prudenti, P.J., Santucci, McCarthy and Chambers, JJ., concur. [*See* 15 Misc 3d 1129(A), 2007 NY Slip Op 50909(U).]