■ Marva Murray, Respondent-Appellant, v 600 East 21st Street, LLC et al., Appellants-Respondents. [865 NYS2d 557]—In an action to recover damages for injury to property and intentional infliction of emotional distress, the defendants appeal from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated September 26, 2007, as amended November 30, 2007, as denied that branch of their motion which was to dismiss the cause of action to recover damages for intentional infliction of emotional distress, and the plaintiff cross-appeals from so much of the same order, as amended, as granted that branch of the defendants' motion which was to strike her demand for punitive damages.

Ordered that the order, as amended, is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for intentional infliction of emotional distress is granted; and it is further,

Ordered that the order, as amended, is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

A cause of action to recover damages for intentional infliction of emotional distress requires conduct which was so outrageous as to "go beyond all possible bounds of decency" and be regarded as "utterly intolerable in a civilized community"

(*Scarfone v Village of Ossining*, 23 AD3d 540, 542 [2005] [internal quotation marks omitted]). The plaintiff's allegations of property damage are insufficient as a matter of law to constitute intentional infliction of emotional distress (*see Muzio v Brown*, 302 AD2d 505 [2003]).

Further, the demand for punitive damages was properly stricken, since the defendants' alleged conduct failed to demonstrate a high degree of moral culpability, or "willful or wanton negligence or recklessness" indicating a conscious disregard for the rights of others (*Shovak v Long Is. Commercial Bank*, 50 AD3d 1118, 1121 [2008], *lv dismissed in part and denied in part* 11 NY3d 762 [2008] [internal quotation marks omitted]; *see Moran v Orth*, 36 AD3d 771, 773 [2007]). Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur.