S.M. v Madura (2024 NY Slip Op 00155)

S.M. v Madura

2024 NY Slip Op 00155

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Renwick, P.J., Manzanet-Daniels, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 815695/21 Appeal No. 1404 Case No. 2022-03589 

[*1]S.M., etc., et al., Plaintiffs-Respondents,
v
John Madura et al., Defendants-Appellants, Ronald Madura Farms et al., Defendants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Guy Des Rosiers of counsel), for appellants.
Weitz & Luxenberg, P.C., New York (Meredith Abrams of counsel), for respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered August 9, 2022, which denied defendants John Madura, John Madura Farms, C. Madura Farm B Corp.'s motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7) in its entirety, unanimously modified, on the law, to dismiss the alter ego and loss of consortium causes of action, and otherwise affirmed, without costs.
This personal injury action stems from a motor vehicle accident. On November 17, 2018, the infant plaintiffs were passengers in a car operated by their stepmother (decedent) when her vehicle was rear-ended by a flatbed truck on the Major Deegan Expressway, killing the decedent. According to the complaint, at the time of the accident, decedent was operating a vehicle in the course of her employment with the individual defendants, who operated their several family-owned farms through various corporations. The complaint further alleges that defendants were negligent in the maintenance and supervision of decedent's employment.
Defendants moved, by a pre-answer motion, seeking to dismiss the action on the ground that none of defendants ever employed the decedent. The motion court properly concluded that none of the moving defendants' evidence conclusively established that decedent was not an 0ff-the-books employee in a corporation run family farm business. Initially, we find that one of the individual defendants' affidavit, which simply asserts that he never employed decedent and does not do business with his brothers, does not constitute documentary evidence providing a basis for dismissal under CPLR 3211(a)(1) (see Correa v Orient-Express Hotels, Inc., 84 AD3d 651, 651 [1st Dept 2011]). As to the remainder of the evidence submitted by defendants, including employment tax and payroll records, they do not conclusively prove, as a matter of law, that the decedent was not an 0ff-the-books employee in a corporation-run family farm business.
However, according plaintiffs the benefit of every possible favorable inference, their complaint fails to state a claim for alter ego liability. While plaintiffs are correct in that alter ego cases are fact-laden, such claims may be dismissed on a CPLR 3211 motion (see e.g. Cornwall Mgt. Ltd. v Kambolin, 140 AD3d 507, 507 [1st Dept 2016]). Plaintiffs' complaint asserted that defendants were alter egos of one another, acting essentially as a single entity in the way they operated their farms, ran the farmer's market stands, and organized deliveries. While alter ego liability requires allegations of complete dominion over a corporation, or other entity, which was used to commit a wrong against the plaintiff thereby causing injury to the plaintiff (see Baby Phat Holding Co., LLC v Kellywood Co., 123 AD3d 405, 407 [1st Dept 2014]), plaintiffs' allegations in regard to alter ego are conclusory, made solely on information and belief, which is insufficient (see 501 Fifth Ave. Co. LLC v Alvona LLC., 110 AD3d 494, 494 [1st Dept 2013]). Plaintiffs [*2]have not pleaded any facts to support the conclusion that any domination or control of defendant entities took place, who allegedly controlled these entities, and how such control caused them damage.
Plaintiffs' second cause of action, which seeks to recover for the father's loss of his children's consortium, must also be dismissed. In New York, parents generally cannot recover for loss of consortium for their children (see Devito v Opatich, 215 AD2d 714, 715 [2d Dept 1995]). Although a parent may recover for loss of a child's services upon submitting proof that the child contributed to household income or paid a part of household expenses (see Samela v Post Rd. Entertainment Corp., 100 AD3d 857 [2d Dept 2012]), the complaint does not allege any loss of services.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024